Maria GORUN, Strada Lupeni; 4 Sibiu, Romania, and Paraschiva Giurgiu, Village of Saliste, Romania, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Victor H. FALL and Lester H. Loble, Judges of the District Court of the First Judicial District of Montana, In and For the County of Lewis and Clark, Helena, Montana, and Henry Anderson, State Treasurer of Montana, Helena, Montana, and Union Bank and Trust Company, Helena, Montana, Defendants.

No. 1623.

United States District Court
D. Montana,
Helena Division.

Aug. 5, 1968.

John R. Vintilla, Cleveland, Ohio, Patrick F. Hooks, Townsend, Mont., for plaintiffs.

Forrest H. Anderson, Atty. Gen., for the State of Montana, and N. A. Rotering, Special Asst. Atty. Gen., Butte, Mont., for defendants, Victor H. Fall, Lester H. Loble and Henry Anderson, State Treasurer.

Loble, Picotte & Loble, Helena, Mont., for defendant, Union Bank and Trust Co.

Before BROWNING, Circuit Judge, MURRAY and SMITH, District Judges.

## OPINION AND ORDER

### PER CURIAM:

Plaintiffs, residents of Romania, seek in this three judge federal court to enjoin the enforcement of Revised Codes of Montana, 1947, § 91–520, as amended. The facts which are properly before the court on plaintiffs' motion for summary judgment and the State of Montana's motion to dismiss are: The estate of John Precup Giurgiu, who died June 22, 1966, is being administered in the District Court of Lewis and Clark County. Plaintiffs will inherit from that estate unless prevented by the provisions of R.C.M. 1947, § 91–520, as amended.[1] Plaintiffs claim that this section is unconstitutional, citing Zschernig v. Miller, 389 U.S. 429,

---

1. "Conditions under which aliens in foreign country may inherit.

1. No person shall receive money or property, save and except mining property, as provided in section 25, article III, of the constitution of the state of Montana, as an heir, devisee and/or legatee of a deceased person leaving an estate or portion thereof in the state of Montana, if such heir, devisee and/or legatee, at the time of the death of said deceased person, is not a citizen of the United States and is a resident of a foreign country at the time of the death of said intestate or testator, unless, reciprocally, the foreign country in question would permit the transfer to an heir, devisee and/or legatee residing in the United States, of property left by a deceased person in said foreign country.

2. In order to prove reciprocity the alien heir, devisee and/or legatee must establish by competent evidence produced at a hearing to determine heirship; (a) that such foreign country recognizes the right of United States citizens to inherit property left by a deceased person in such foreign country; (b) that such foreign country places no restrictions upon the movement of money or property out of

88 S.Ct. 664, 19 L.Ed.2d 683, and Goldstein v. Cox, 389 U.S. 581, 88 S.Ct. 694, 19 L.Ed.2d 781.

Plaintiffs' motion for a summary judgment is denied and defendants' motion to dismiss is granted, and the proceeding is dismissed.

■■ Applications for injunction under 28 U.S.C. § 2281 are addressed to the sound discretion of the court,[2] and should be granted only when the case is reasonably free from doubt and when necessary to prevent great and irreparable injury.[3] In the application of R.M.C.1947, § 91–520, as amended, and its predecessors, the Montana Supreme Court has ordered distribution to heirs in occupied Denmark,[4] in Yugoslavia,[5] Czechoslovakia,[6] and to the alien property custodian for Romanian heirs.[7] In the case of the Romanian heirs, evidence as to the Romanian law

such foreign country to an heir, devisee and/or legatee residing in the United States.

3. If such proof as required by subsection 2 establishes the fact that such foreign country recognizes the right of inheritance, but restricts the movement of money or property out of such foreign country to an heir, devisee and/or legatee residing in, and a citizen of the United States, then and in that event, the court upon such a determination, shall at the time of final distribution, order the inheritance of such alien heir, devisee and/or legatee distributed to the state treasurer of the state of Montana, in trust for such named heir, devisee and/or legatee, under such conditions and restrictions as are imposed on the movement of money or property by such foreign country in question to an heir, devisee and/or legatee residing in, and a citizen of the United States.

4. In an action for dissolution of the trust so created, the following jurisdictional facts must be set forth in the complaint: (a) the name of the beneficiary of the trust; (b) the foreign country in which the beneficiary has his permanent residence; (c) the conditions and restrictions imposed upon the trust funds by the court in its decree of final distribution; (d) the fact that the beneficiary is in the state of Montana; (e) the verification of the complaint by the beneficiary before an official of the state of Montana authorized by law to administer oaths; (f) that the action has been commenced within the period of three (3) years of the date the trust was created, unless the conditions of the trust declare a shorter or longer period to exist in the country of the foreign heir's residence and that reciprocally such period has been imposed to satisfy the requirements of reciprocity, hereinabove set forth; (g) in the event that the beneficiary is a minor or insane person, his action must be instituted within the period of limitation herein provided for the commencement of the action, by his guardian, duly appointed under the laws of the country of residence of said minor or insane person and the record of such appointment shall be fully exemplified and attested by a duly accredited representative of the state department of the government of the United States of America in such foreign country; (h) unless the action herein provided shall have been commenced within three (3) years, or such shorter or longer period as is specifically declared as a condition of the trust, as hereinabove required, then such trust funds shall forthwith escheat to the state of Montana, and no action can thereafter be instituted in the courts of this state for the recovery of such escheated trust funds.

5. The action provided for under the provisions of subsection 4 hereof shall in all respects comply with the requisites of section 91–518.

6. No estate in which alien heirs, devisees and/or legatees have a distributive share shall be considered to be in a condition to petition for final distribution, unless, the court enters a written order in such estate decreeing that an action for determination of heirship has been instituted in which the state of Montana was made a party-defendant and that a decree determining heirship has been entered and filed in this action." Revised Codes of Montana, 1947, § 91–520.

2. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

3. Massachusetts State Grange v. Benton, 272 U.S. 525, 47 S.Ct. 189, 71 L.Ed. 387 (1926).

4. In re Nielsen's Estate, 118 Mont. 304, 165 P.2d 792 (1945).

5. In re Estate of Spoya, 129 Mont. 83, 282 P.2d 452 (1955). In re Estate of Ginn, 136 Mont. 338, 347 P.2d 467 (1959).

6. In re Estate of Hosova, 143 Mont. 74, 387 P.2d 305 (1963).

7. In re Gaspar's Estate, 128 Mont. 383, 275 P.2d 656 (1954).

was taken and reciprocity found. At this stage of the state court proceedings, it cannot be said that the plaintiffs will be injured by the action of the state court, and if they are so injured that injury will be irreparable in view of the appellate power of the Supreme Court of the United States.[8]

For other reasons our discretion is moved to deny application for an injunction. Zschernig v. Miller, supra.

 Clark v. Allen, 331 U.S. 503, 67 S.Ct. 1431, 91 L.Ed. 1633, sustained the validity of a California reciprocity statute. *Zschernig* did not overrule Clark v. Allen, but did hold that an Oregon statute as applied had potential for the disruption or embarrassment of our relations with other countries, intruded upon a federal function and was therefore unconstitutional. It seems clear from *Zschernig* that reciprocity statutes are not unconstitutional per se and that if a state reciprocity statute requires that the state courts do no more than read the law of a foreign nation to determine whether reciprocity exists, then the law does not infringe upon the prerogatives of the federal government. If, on the other hand, state courts find it necessary to engage in the kind of analysis exemplified by State Land Board v. Pekarek, 234 Or. 74, 378 P.2d 734, and In re Estate of Gogabashvele, 195 Cal.App.2d 503, 16 Cal.Rptr. 77, to apply a state statute, then the law as applied is unconstitutional.

Were we inclined to think that in interpreting the Montana law the state courts had in some degree trespassed upon areas reserved for federal action, still we would be reluctant at an intermediate stage in the Montana probate proceedings to issue an injunction. At the time the Montana cases were decided foreign law was treated as a question of fact. Now, by virtue of a 1966 amendment to the Montana Rules of Civil Procedure,[9] questions of foreign law are treated as problems in law and decided by the court as such. If there is difficulty, it is not in the statute itself but in the application of it. The change in the Montana procedural law changes the method of the application of R.C.M.1947, § 91–520. We believe that the Montana court now advised by *Zschernig* of the boundaries of the constitutional power of the state, and equipped with Rule 44.1 of the Montana rules, should be free to fashion a procedure for applying R.C.M. 1947, § 91–520, in a manner not offensive to the Federal Constitution.

---

8. See Zschernig v. Miller, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1968).

9. M.R.Civ.P., Rule 44.1.