GORUN ET AL. v. FALL ET AL.

No. 496.  Decided January 20, 1969.

*John R. Vintilla* and *Novak N. Marku* for appellants.

*Forrest H. Anderson,* Attorney General of Montana, and *N. A. Rotering,* Special Assistant Attorney General, for appellees Fall et al.  Appellee Union Bank & Trust Co. filed a brief.

PER CURIAM.

The motion to affirm is granted and the judgment is affirmed.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK, MR. JUSTICE HARLAN, and MR. JUSTICE FORTAS concur.

Appellants are nonresident aliens living in Romania who were named as beneficiaries of an estate being probated in Montana.  It has been assumed for the purpose of this appeal that they will receive from that estate unless prevented by the Montana reciprocal inheritance statute (Mont. Rev. Codes Ann. § 91–520) which would condition their distribution upon a showing that Romania similarly allows citizens of this country to receive, and to enjoy here, property bequeathed in Romania.  While the estate was being administered in the state courts of Montana, appellants filed this complaint to have the three-judge court declare the statute unconstitutional and to enjoin its application.  After issue was joined, they moved for summary judgment on the authority of *Zschernig* v. *Miller,* 389 U. S. 429, in which we struck down the Oregon reciprocal inheritance statute as an

impermissible interference with federal power over foreign affairs.

Federal policy permits the free flow of funds to Romania. On March 30, 1960, the United States entered into an agreement with Romania, by which we agreed to release all blocked assets belonging to Romania. See 25 Fed. Reg. 3458.

At the same time, Romania was removed from the list of countries to which the sending of public funds is prohibited. See 25 Fed. Reg. 3526; 31 CFR § 211.2. As our opinion in *Zschernig* makes clear, a state probate judge is not authorized to make or apply a probate rule contrary to that federal policy.

The three-judge court dismissed the complaint, saying: "[T]he Montana court now advised by *Zschernig* of the boundaries of the constitutional power of the state . . . should be free to fashion a procedure for applying R. C. M. 1947, § 91–520, in a manner not offensive to the Federal Constitution." 287 F. Supp. 725, 728.

While the four of us have no objection to summary disposition of this appeal, dismissal seems singularly inappropriate in light of our recent decisions saying over and over again that a federal claim in a federal court should be decided by the federal court and not relegated to a state tribunal. See *Zwickler* v. *Koota,* 389 U. S. 241, 250–252. In spite of our aversion to abstention, see *id.,* at 248–249; *Dombrowski* v. *Pfister,* 380 U. S. 479, 486–487, it would be better judicial administration to hold the federal case, pending resolution of the state proceeding, than to dismiss it in the face of clear-cut federal policy in favor of the claim of appellants. Cf. *Kaiser Steel Corp.* v. *W. S. Ranch Co.,* 391 U. S. 593.