IN THE MATTER OF THE ESTATE OF JOHN PRECUP GIURGIU, DECEASED.

No. 11761.
Decided March 4, 1970.
466 P.2d 83.
Appeal dismissed June 22, 1970.
See 26 LED 2d 555.

Robert L. Woodahl, Atty. Gen., Helena, Charles C. Lovell, Asst. Atty. Gen. (argued), Helena, for appellant.

Patrick F. Hooks (argued), Townsend, Loble, Picotte & Loble, Helena, Lester H. Loble, II (argued), Helena, for respondent.

MR. JUSTICE BONNER delivered the opinion of the Court.

This is an appeal by the State of Montana from an order of the district court of Lewis and Clark County, Honorable Victor H. Fall, district judge presiding.

The decedent, John Precup Giurgiu, died testate on June 22, 1966 in Helena, Montana. His will was duly entered in probate on July 8, 1966. On that date the Union Bank and Trust Company of Helena, Montana was appointed executor of the estate. The will, among other things, provides for distribution of the estate, through a trust, to certain beneficiaries who were and are residents and nationals of the country of Romania.

On January 18, 1967 the district court appointed Patrick F. Hooks of Townsend, Montana as attorney to represent the alien beneficiaries. On January 31, 1967 the State of Montana through the attorney general objected to the executor's petition to determine heirship. The State denied that reciprocity of inheritance or reciprocity of transfer existed between the United States and the Country of Romania within F.Supp. 725 (1968, D.Mont.) which held the provisions of section 91-520, R.C.M. 1947.

Thereafter, while the estate proceedings were pending in the district court, the foreign beneficiaries commenced an action in the Montana federal district court seeking an adjudication that section 91-520, R.C.M. 1947, was unconstitutional and void. (Citing Zschernig v. Miller, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1968) and Goldstein v. Cox, 396 U.S. —, 90 S.Ct. 671, 24 L.Ed. — (1970).) A three judge court was impaneled, consisting of Circuit Judge Browning, and Federal District Judges Smith and Murray. This action resulted in the opinion and order, Gorun v. Fall, 287 F.Sup. 725(1968), D. Mont. that the statute, section 91-520, R.C.M. 1947, was not unconstitutional.

The opinion set forth that court's reasoning in the following manner.

"* * * by virtue of a 1966 amendment to the Montana Rules of Civil Procedure, questions of foreign law are treated as problems in law and decided by the court as such. If there is difficulty, it is not in the statute itself but in the application of it. The change in the Montana procedural law changes the method of the application of R.C.M.1947, § 91-520. We believe that the Montana Court now advised by *Zschernig* of the boundaries of the constitutional power of the state, and equipped with Rule 44.1 of the Montana rules, should be free to fashion a procedure for applying R.C.M., 1947, § 91-520, in a manner not offensive to the Federal Constitution."

The foreign beneficiaries then appealed this decision to the United States Supreme Court. The State of Montana filed in that court a motion to affirm the judgment of the three judge tribunal, and to dismiss the appeal. Subsequently, the Supreme Court, in the case of Gorun v. Fall, 393 U.S. 398, 89 S.Ct. 678, 21 L.Ed.2d 628, in a per curiam decision, held "The motion to affirm is granted and the judgment is affirmed." After entry of this decision the foreign beneficiaries and the executor petitioned the state district court for an order distributing the estate on the ground the entire question of reciprocity had been decided by the federal courts. Hearing was had before Judge Fall on June 18, 1969. The parties stipulated that the sole question before the court was whether the reciprocity issue had been decided by the federal courts, or whether further proceedings were required.

The State of Montana maintained in the lower court and maintains here that the three judge opinion and order was merely an order that the Montana courts fashion a procedure for the constitutional application of our reciprocity statute.

The foreign beneficiaries and the executor maintain that the federal courts have decided the reciprocity question in their

favor. Judge Fall agreed with the beneficiaries and it is this decision from which the State appeals.

It is the opinion of this Court that the federal courts did not decide the question of whether reciprocity exists between the State of Montana and the Country of Romania and we so hold.

The State of Montana argued that the lower court erred in refusing to fashion a procedure for the constitutional application of section 91-520, R.C.M.1947. The state then went on to argue that this Court should now fashion such procedures. The lower court is totally conversant with the rules of evidence and is quite capable of fashioning the procedures by which a determination can be made whether the Country of Romania allows reciprocity of transfer and reciprocity of inheritance between it and citizens of Montana. The burden of proof under Rule 44.1, M.R.Civ. P. is on the foreign heirs.

The opinion and order of the lower court is hereby reversed and the cause is remanded for further proceedings to determine the question of reciprocity.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON, and HASWELL, concur.