MASSACHUSETTS STATE GRANGE *v* BENTON, ATTORNEY GENERAL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

No. 296.  Argued October 13, 1926.—Decided November 23, 1926.

1. *Semble* that there is no inconsistency between the Daylight Saving Acts of Massachusetts and the Act of Congress of March 19, 1918, § 2, which fixes standard time with relation to the acts of federal officers and departments and the accrual and determination of rights and performance of acts by persons subject to the juris- diction of the United States. P. 527.

2. No injunction should issue from a federal court to restrain state officers from enforcing a state law, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury. P. 527.

3. A court of the United States should not intervene between a State and a town of the State's creation to determine how far the town should share in the State's benevolence. P. 528.

4. Distinction explained between want of " jurisdiction " in equity— e. g., want of a fitting case for an injunction—and want of jurisdiction, i. e., power, in the court. P. 528.

10 F. (2d) 515, affirmed.

APPEAL from a decision of the District Court dismissing a bill brought by The Massachusetts State Grange, The Inhabitants of the Town of Hadley, the Brotherhood of Locomotive Engineers, and others, to enjoin Jay R. Benton, Attorney General of Massachusetts, Frederick W. Cook, Secretary, Payson Smith, Commissioner of Education, et al., from performing official acts in execution of the Daylight Savings Acts of that State.

*Mr. Frank W. Morrison* for appellants.

*Messrs. Jay R. Benton,* Attorney General of Massachusetts, and *Lewis Goldberg* were on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill brought by different parties having different and unconnected interests seeking a declaration that the Daylight Saving Acts of Massachusetts, Acts of 1920, c. 280, Acts of 1921, c. 145, are inconsistent with the Act of Congress of March 19, 1918, c. 24; 40 St. 450; (see Act of August 20, 1919, c. 51; 41 St. 280,) and unconstitutional, and asking an injunction to prevent the several defendants from doing their respective official parts to carry out the Massachusetts law. It was heard by three

judges in the District Court, and upon motion it was dismissed. 10 F. (2d) 515.

The Act of Congress, § 2, fixes the standard time and provides that " In all statutes, orders, rules, and regulations relating to the time of performance of any act by any officer or department of the United States, whether in the legislative, executive, or judicial branches of the Government, or relating to the time within which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the United States, it shall be understood and intended that the time shall be the United States standard time of the zone within which the act is to be performed." The Massachusetts statute advances the standard time thus fixed by one hour; and provides that the time shall be the United States standard eastern time so advanced, in all laws, regulations, &c., relating to the time of performance of any act by any officer or department of the Commonwealth or of any county, city, &c., thereof, or relating to the time in which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the Commonwealth, and in all the public schools and institutions of the Commonwealth, &c., and in all contracts or choses in action made or to be performed in the Commonwealth.

The Court below found no inconsistency between the two Acts and we have seen no sufficient reason for differing from it upon that point. But it also went on the important rule, which we desire to emphasize, that no injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury. *Cavanaugh v. Looney,* 248 U. S. 453, 456. *Hygrade Products Co. v. Sherman,* 266 U. S. 497, 500. *Fenner v. Boykin,* 271

U. S. 240. No such necessity is shown here. The cor-
porations other than the Town of Hadley do not even
allege any direct interest. The Town of Hadley makes
a case that concerns none of the other plaintiffs, and
complains only that by failure to comply with the Massa-
chusetts statute it will be held to have lost its claim
to certain State aid for its schools. It is said that in
fact Hadley has received its share and has no further
interest in the case, but in any event it is plain that a
Court of the United States would not intervene between
a State and a town of the State's creation to determine
how far the town should share in the State's benevolence.
Of the individual plaintiffs, Mann alleges that the statute
makes it more costly for him to employ labor at the first
hours of the day, that he owns land on both sides of
the New Hampshire line and has to travel to and fro
between them, that New Hampshire and the railroad
keep to the standard eastern time, and that to adjust
himself to the two standards causes him worry and
pecuniary loss. The plaintiff Snow alleges that her
children have to get up an hour earlier to go to
school and so lose an hour's sleep, and that women
who have husbands employed by the railroads as well
as children have to keep two standards of time in their
heads, and other matters that do not concern her. The
plaintiff Clarke alleges nothing that needs mention. Evi-
dently this is not a case for an exception to the general
rule.

    Courts sometimes say that there is no jurisdiction in
equity when they mean only that equity ought not to
give the relief asked. In a strict sense the Court in this
case had jurisdiction. It had power to grant an injunc-
tion, and if it had granted one its decree, although wrong,
would not have been void. But upon the merits we think
it too plain to need argument that to grant an injunc-
tion upon the allegations of this bill would be to fly in

the face of the rule which, as we have said, we think should be very strictly observed.

*Decree affirmed.*

The separate opinion of MR. JUSTICE McREYNOLDS..

Unless much said in *Ex parte Young*, 209 U. S. 123, is trivial or nonsense, this is a suit against Massachusetts and beyond the possible jurisdiction of federal courts, as expressly declared by the Eleventh Amendment. " The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign State." Accordingly, the trial court had no jurisdiction and should have dismissed the proceeding for that reason.

It is well to remember that the Massachusetts Daylight Saving Act is not a criminal statute, that no penalty is prescribed for non-observance, that no defendant was charged with the duty of enforcement, that no proceeding against any complainant could be instituted thereunder and none was in contemplation.

The bill discloses a bald purpose to secure an adjudication in respect of the constitutionality of a state statute. In no just sense did it seek protection of any property right threatened with unlawful invasion by an officer claiming to proceed under a void enactment. *Fitts* v. *McGhee*, 172 U. S. 516, as construed in *Ex parte Young, supra*, pp. 156, 157, ought to be followed and treated as controlling. "In making an officer of the State a party defendant in a suit to enjoin the enforcement of an Act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the Act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party."