HOFFMAN et al. v. O'BRIEN, Police Commissioner of City of New York, et al.

United States District Court
S. D. New York, Civil Division.
Dec. 6, 1949.

Emil K. Ellis, New York City (Abraham J. Heller, Jonas Ellis, Abraham Beital and Lawrence Saiewitz, New York City, of counsel), for plaintiffs.

John P. McGrath, Corporation Counsel, New York City (Robert E. Hugh, New York City, of counsel), for defendant William P. O'Brien.

Frank S. Hogan, District Attorney, New York City (Whitman Knapp, Harold R. Shapiro and Edwin C. Hoyt, Jr., New York City of counsel), for defendant Frank S. Hogan.

Nathaniel L. Goldstein, Attorney General (Samuel A. Hirshowitz, New York City, of counsel), for defendant Nathaniel L. Goldstein.

Before L. HAND, Circuit Judge, and CONGER and RYAN, District Judges.

RYAN, District Judge.

This action is brought for a declaratory judgment and for an injunction. 28 U.S.C.A. § 2201.

Plaintiff, Hermon Hoffman, is a citizen and resident of the City and State of New York and president of plaintiff, New York County Criminal Courts Bar Association, incorporated under the laws of the State of New York.

Defendant, William P. O'Brien, is the Police Commissioner of the City of New York and in this capacity is charged with the supervision and direction of the members of the Police Department of the City. Defendant, Frank Hogan, is the District Attorney of the County of New York, New York City. It is his duty to investigate and prosecute all crimes committed in violation of state law within the County. Defendant, Nathaniel L. Goldstein, is the Attorney-General for the State of New York and the chief law enforcement officer of the State.

The complaint seeks a judgment declaring invalid and in violation of Section 605 of the Federal Communications Act, 47 U.S.C.A. § 605, the following: (1) the provisions of Article 1, Section 12 of the Constitution of the State of New York, which authorizes telephone and telegraph interceptions by state law enforcement officers, through the issuance of warrants or ex parte court orders; (2) Section 813-a of the New York Code of Criminal Procedure, which defines the procedural steps which state officers are required to follow in order to obtain such judicial permission to intercept; (3) all orders made by judicial officers of the State of New York pursuant to said state statutory and constitutional provisions; and (4) interceptions and divulgences by defendants. The complaint also seeks a permanent injunction restraining the issuance of orders by judicial officers of the State of New York, permitting interceptions, and enjoining interceptions and divulgences of such communications by defendants.

These constitutional and statutory provisions of the State of New York authorize telephone and telegraph interceptions by state law enforcement officers under a system of judicial supervision through the issuance of warrants and ex parte orders. N.Y.Constitution, Art. 1, Sec. 12; N.Y.C. C.P. § 813-a. Applications for interception orders may be made only by the attorney general, a district attorney or a police officer having rank above that of sergeant. Such applications must be on oath or affirmation that there is reasonable ground to believe that evidence of crime may be thus obtained. They may be made only to a judge of the Court of General Sessions, a County Court or the New York Supreme Court. All these courts have superior criminal jurisdiction and jurisdiction of the prosecution and trial of felonies. In the case of telephones, the actual line to be intercepted, the person or persons using it and the purpose of the interception must be particularly described. It is further provided that the judge to whom application is made may examine witnesses under oath, and shall issue the order only when satisfied that there is reasonable ground for the belief that evidence of the commission of crime can be obtained.

Section 605, 47 U.S.C.A., Federal Communications Act of 1934 provides in part that, "No person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."

Defendants separately and simultaneously move for an order under Federal Rules of Civil Procedure, Rule 12(b) 28 U.S.C. A., dismissing the complaint on the ground that (1) it fails to show that plaintiffs have been deprived of any right secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States, and (2) there is not present a justiciable controversy within the jurisdiction of the court.

The real claim asserted is that Article 1, Section 12 of the State Constitution and Section 813-a, C.C.P., violate the civil rights of plaintiffs because they "constitute a deprivation of the rights, privileges and immunities secured to its citizens by the Constitution and laws of the United States.". This is so, plaintiffs allege because interceptions and divulgences made pursuant to these statutory and constitutional provisions "constitute a violation of U.S.C.A., Section 605, Title 47 of the Laws of the United States aforesaid, that U.S.C.A. Section 605, Title 47 of the Laws of the United States was intended by Congress as a declaration of public policy affecting fundamental human liberties of citizens of the United States, which is binding upon the State and its public officers * * *." Par. 10, complaint.

The complaint alleges further that defendants acting in their official capacity have applied for and obtained ex parte orders from judicial officers of the State of New York, permitting the interception and divulgence of telegraphic and telephonic communications of citizens of the State and of the United States; that many of such orders are now in effect and that defendants, under such orders, have been and are still engaged in the interception and divulgence of interstate and intrastate telegraphic and telephonic communications. Par. 7, complaint.

It then alleges:

"That, pursuant to the said orders, interceptions and divulgences of interstate and intrastate telegraphic or telephonic communications are widespread within the City and State of New York; that upon information and belief, the said communications of many citizens of the United States and residents of the City and State of New York including the plaintiffs have been and are being intercepted and divulged." Par. 8, comp.

"That the said interceptions and divulgences under the said orders affect many public telephones in the City and State of New York widely used by its residents, including the plaintiffs, as well as many private telephones belonging to or used by its residents; that an endless chain of interceptions and divulgences is thereby created affecting citizens and residents

who are in no way involved in the commission of crimes or offenses but whose communications are intercepted and divulged on the mere speculation that information may be thereby obtained which might in turn lead to information desired in connection with the detection or punishment of crime." Par. 9, comp.

"* * * That this court has jurisdiction of the subject matter of this action without any requirement for diversity of citizenship and without any requirement as to amount in controversy; that the matters in controversy herein relating solely to the protection of the rights and privileges of citizens of this country under the Constitution of the United States and the appropriate statutes hereinafter referred to." Par. 3, comp.

And, further "That plaintiffs have no adequate remedy at law and therefore bring this proceeding for redress of the aforesaid injuries pursuant to the statutes of the United States providing therefor including U.S.C.A., Section 43, Title 8 of the Laws of the United States." Par. 12, comp.

The complaint is predicated on Section 43, supra, which provides that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1343(3), 28 U.S.C.A. formerly Sec. 41(14), gives the District Court jurisdiction of all suits "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

The motions must be granted and the complaint dismissed, for the complaint fails to allege facts with sufficient definiteness to show that plaintiffs have been deprived of any rights, privileges, or immunities secured by the Constitution and the laws of the United States. In short, it fails to allege an actual or justiciable controversy and therefore does not state a claim for declaratory relief. The complaint contains no allegation that plaintiffs' telephones have been in the past, or are now, the subject of an order allowing interception and divulgence of conversations carried on over them. There is no allegation that such action is either threatened or impending. It does not even appear that either plaintiff is, or has been, a subscriber to telephone service. The same is true of telegraphic communications sent by or to plaintiffs.

The allegations are pregnant with double entendre. One may read them as alleging that plaintiffs' telephone conversations run the risk of being "tapped" or intercepted, like those of "the many citizens of the United States and residents of the City and State of New York,"—since plaintiffs as residents of the City of New York are members of the general group mentioned— only because of "an endless chain of interceptions and divulgences;" or, one may, by rhetorical dissection, come to the conclusion that it is intended to allege that plaintiffs' conversations are actually being intercepted and divulged. The latter, however, is not alleged with particularity.

The only possible interference with plaintiffs' telephone conversations alleged is such as might arise from the many ex parte orders of judicial officers (par. 7) and, from such orders as "affect many public telephones in the City and State of New York." Par. 9. The complaint fails to allege any facts showing real, present and actual personal injury to plaintiffs or distinguishing their situation from that of "people generally." Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078.

The only allegations to show that plaintiffs have been, or will be, affected by any

order issued or to be issued under the state statute, are in the eighth and ninth paragraphs of the complaint. In the eighth, the complaint alleges that "the communications of many * * * residents of the City * * * of New York, including the plaintiffs, have been and are being intercepted and divulged." In the ninth, the complaint alleges that "interceptions and divulgences under said orders affect many public telephones in the City * * * of New York widely used by its residents, including plaintiffs." It is apparent that all this means no more than that when the plaintiffs go to a public telephone they run the chance that the wire may be "tapped;" literally, perhaps, the words mean that their wires have been "tapped," but that is not important since the complaint only demands future relief. They have no greater interest in the matter than any other citizen; they do not allege that they have been singled out, or are likely to be.

Such allegations are not sufficient to merit consideration of the constitutional questions which they purport to raise and do not present to the court "matters appropriate for judicial determination." United Public Workers v. Mitchell, 330 U.S. 75, 91, 67 S.Ct. 556, 565, 91 L.Ed. 754; Massachusetts State Grange v. Benton, 272 U.S. 525, 47 S.Ct. 189, 71 L.Ed. 387.

It would be an abuse of discretion to grant the declaratory judgment on the facts alleged, for "it is in the public interest to avoid the needless determination of constitutional questions and the needless obstruction to the domestic policy of the states by forestalling state action in construing and applying its own statutes." Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 471, 65 S. Ct. 1384, 1394, 89 L.Ed. 1725; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407. The complaint here does not permit the exercise of discretion, for without a clear and unequivocal allegation that plaintiffs' civil rights are being invaded by a court order obtained under the provisions challenged, plaintiffs have no standing to maintain this action. National Maritime Union of America v. Herzog, D.C., 78 F.Supp. 146, affirmed 334 U.S. 854, 68 S.Ct. 1529, 92 L.Ed. 1776.

With the restrictions placed around the granting of orders of interceptions, it appears that even if plaintiffs' telephonic and telegraphic communications have, in fact, been intercepted and divulged, this was occasioned either by the fact that plaintiffs were using a telephone line concerning which there had been a judicial finding (ex parte, it is true, but based on sworn proof) that there was probable cause to believe that it was being used as an instrument of crime in the commission of crime, or that plaintiffs were in communication with an individual of whom such finding had been made. It is the alleged invasion of plaintiffs' civil rights pertaining to the privacy and secrecy of communications of this character which constitutes the sole ground alleged for jurisdiction of this court.

The complaint will be dismissed for lack of jurisdiction, without costs.