**Maurice L. SILVER, M.D., et al., Plaintiffs,**

**v.**

**The QUEEN'S HOSPITAL, aka Queen's Medical Center, a Hawaii non-profit corporation, Defendants.**

**Civ. A. No. 70-3239.**

United States District Court, D. Hawaii.

June 30, 1971.

**224**

Edward Y. N. Kim, Joseph A. Ryan, Honolulu, Hawaii, and Hayden C. Covington, Providence, R. I., for all plaintiffs.

Burnham H. Greeley, Padgett, Greeley, Marumoto & Akinaka, Honolulu, Hawaii, for Kuakini Hospital, Kenji Goto, Harry Tagawa, Samuel Sasai, Clyde Shimada, Teruo Himoto, Mitsiyoshi Fukuda, Hideo Kawano, Theodore Tomita, Masato Kamisato, Howard Hiroki, Henry Damon, Shinsuke Nakamine, Tsuneichi Shinkawa, Kenneth S. Shioi, Albert I. Shimamura, and Henry Chun-Hoon.

George Pai, Actg. Atty. Gen., Honolulu, Hawaii, for Dr. Walter B. Quisenberry, M. D., John F. Morris, M. D. and Tomic T. Romson, M. D.

Edmund Burke, Henshaw, Conroy & Hamilton, Honolulu, Hawaii, for Liberty Mutual Ins. Co., John J. Lowrey, M. D. and Scott Brainard, M. D.

T. Irving Chang, Honolulu, Hawaii, for William W. T. Won, M. D.

Walter G. Chuck, Chuck & Fujiyama, Honolulu, Hawaii, for Great American Ins. Co.

William L. Fleming, Cades, Schutte Fleming & Wright, Honolulu, Hawaii, for Argonaut Ins. Co., First Ins. Co. of Hawaii, Ltd., Philip S. Arthur, M. D. and Richard D. Moore, M. D.

Thomas W. Flynn and William L. Fleming, co-counsel, Honolulu, Hawaii, for St. Francis Hospital.

Gary N. Hagerman, Richard E. Stifel, Martin Anderson, Honolulu, Hawaii, for Richard K. S. Pang, M. D., J. I. Frederick Reppun, M. D., Don E. Poulson, M. D., Robert A. Rose, M. D., Raymond deHay, M. D., James L. Erickson, M. D., Kenneth W. Momeyer, M. D., Paul Y. Tamura, M. D., Gabriel Ma, M. D., Thomas S. Bennett, M. D. and Royal Indemnity Co.

Dennis E. W. O'Connor, John A. Hoskins, Anthony & Waddoups, Honolulu, Hawaii, for The Queen's Hospital, Castle Memorial Hospital, Will J. Henderson, E. E. Black, J. Garner Anthony, Thomas M. Waddoups, Allen C. Wilcox, Jr., Kenneth R. Nurse, William F. Aull, Morton E. Berk, M. D., Kenneth F. Brown, Carter Galt, Douglas S. Guild, William C. Kea, K. J. Luke, Malcolm MacNaughton, Alex Smith, F. J. Pinkerton, M. D., Lawrence H. Gordon, M. D., H. Wm. Goebert, M. D., Richard K. S. Pang, M. D., Marvin C. Midkiff, A. G. Streifling, M. O. Chang, Robert Chung, M. D., Harold Kono, Frank McMurray, Perry Sumida, M. D., Charles Yamashiro, M. D., Walter Zane, Roger B. Brault, M. D., and Anna Maria Brault, M. D.

## MEMORANDUM DECISION AND ORDER STRIKING COMPLAINT AND DENYING TEMPORARY RESTRAINING ORDER

BOLDT, Chief Judge, W.D.Wash., sitting by designation.

At the conclusion of oral argument on April 23, 1971, the following matters were presented for determination by the Court: (1) plaintiffs' application for temporary restraining order; (2) plaintiffs' demand for three-judge court certification; and (3) defendants' motion to strike plaintiffs' Complaint.

Following the argument, additional memoranda were served and filed and extensions of time therefor were granted to both plaintiffs and defendants. Since their final submission, the Court has fully reviewed and considered each of the matters presented for determination.

█ It is settled in the Ninth Circuit that in cases wherein three-judge cer-

tification is sought under 28 U.S.C. 2281, before determining such certification the single district judge to whom the case is assigned for all trial purposes shall hear and determine a motion to dismiss a complaint for failure to state a claim or to strike it for gross and inexcusable violation of Fed.R.Civ.P. 8.

"The district judge below had the duty to determine, before requesting a three-judge court, whether appellant's complaint stated a claim upon which relief could be granted. He found it did not. Hence he was not required to request the Chief Judge of the Circuit to convene a three-judge court. His determination is, of course, subject to review on appeal. That review we have given in this case. We find no error." Carrigan v. Sunland-Tujunga Telephone Company, 263 F.2d 568 (9th Cir. 1959), cert. denied, 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed.2d 841 (1959). Also see Wicks v. Southern Pacific Co., 231 F.2d 130 (9th Cir. 1956), cert. denied, Wicks v. Brotherhood of Maintenance of Way Emp. So. Pac. Co., 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471 (1956).

As to striking complaints that do not comply with federal rules requiring short and plain statements of claim, see Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965); Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964), cert. denied, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70; Carrigan v. California State Legislature, 263 F.2d 560 (9th Cir. 1959), cert. denied, 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed. 2d 929.

The pertinent portions of Rule 8 are:

"(a) *Claims for Relief.* A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

As stated by the Court during argument, the Federal Rules of Civil Procedure were designed and adopted as an interrelated whole, each particular provision to be applied together with and in the light of all other pertinent provisions. In mandatory language Rule 8(a) requires that a complaint shall contain brief and clearly stated allegations sufficient to show jurisdiction and to specify the claim or claims for relief asserted in the complaint. Allegations beyond that are redundant and undesirable. To the extent the allegations in a complaint are not briefly and clearly stated or are intermingled with evidentiary, argumentative and other unnecessary allegations, understanding of and procedure based on the essential allegations will be impaired or precluded.

"The amended complaint * * * exceeds the bounds permitted under that rule [Rule 8(a) Fed.R.Civ.P.]. For the most part it represents a confusing and foggy mixture of evidentiary statements, arguments and conclusory matter. If it were permitted to stand, the defendants would be unable to file meaningful answers to much of what is alleged. They would be forced to reply in kind by pleading further prolix matter. The issues would be obscured and remain undefined. This would lead to wasteful and unnecessary pretrial discovery, after which a pretrial judge would at some point face the necessity of requiring the plaintiffs to clarify and redefine their contentions." Johnson v. Hunger, 266 F.Supp. 590, 591 (S.D.N.Y.1967).

Every plaintiff filing a complaint in a Federal District Court must prepare his complaint in conformity with Fed.R.Civ.Rule 8(a). It is not the function of trial judges to redraft, edit or otherwise conform complaints to the requirements of the cited rule. Gilbert v.

General Motors Corp., 1 F.R.D. 101 (D.C. N.Y.1940).

Ordinarily, complaints drawn by non-lawyers, however inartfully stated, will be searched to find essential allegations if they can be found. However, when mature and extensively experienced attorneys prepare and file complaints, their work product must reasonably conform to and be judged in the light of rule requirements. All attorneys practicing in Federal courts are required to be fully informed of and have a professional duty to comply with Federal rules of procedure. When attorneys admitted to practice in Federal courts prepare complaints, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange. It is the duty and responsibility, especially of experienced counsel, to state those essentials in short, plain and nonredundant allegations. McCoy v. Providence Journal Co., 190 F.2d 760 (1st Cir. 1951), cert. denied, 342 U.S. 894, 72 S.Ct. 200, 96 L.Ed. 669 (1951); International Commodities Corp. v. International Ore & Fertilizer Corp., 30 F.R.D. 58 (S.D.N.Y.1961).

In the present instance, plaintiffs are represented by three lawyers, all of whom have had extensive experience in Federal courts. Each individual attorney had the professional duty to examine the Complaint for compliance with Rule 8(a) before it was filed and before permitting his name to be endorsed thereon as required by Fed.R.Civ.P. 11. Deliberate and inexcusable failure to do so is a breach of professional responsibility. Dodrill v. New York Cent. R. Co., 253 F. Supp. 564 (D.C.Ohio 1966).

During oral argument plaintiffs' counsel stated that special pains had been taken by them in the drafting of plaintiffs' Complaint. Indeed, that such was the case appears from the contents of the Complaint itself. However, it is also clear pains were taken not to comply with Rule 8, but to violate it in a variety of particulars and to such excessive extent that the violations are or should be readily apparent to any one reasonably familiar with the rules of civil pleading in Federal courts. Moreover, it indisputably appears from the record in this proceeding that prior to the filing of the Complaint plaintiffs' counsel gave advance notice to media of publicity when and where the Complaint would be filed and at that time and place Mr. Ryan, Mr. Covington and Mr. Kim held a filmed interview with media representatives for the patent purpose of providing widespread dissemination throughout Hawaii of evidentiary and inflammatory allegations in the Complaint which contains a demand for jury trial. Taken together, the above stated circumstances, shown without contradiction in the record, constitute a serious lack of professional restraint in publicity seeking amounting to an abuse of judicial process.

The Complaint contains many pages of totally unnecessary allegations couched in argumentative, inflammatory and conclusory terms. Some of the superfluous allegations cast gratuitous aspersions upon persons not named as defendants, including various public officials and judicial officers because of rulings made in other cases.

In these circumstances, the deliberate violation by plaintiffs' counsel of Rule 8 in drafting the Complaint as described and in aiding and abetting widespread publicity of extraneous allegations therein is utterly inexcusable.

It is clear beyond question that the Complaint in this case is neither short nor plain in stating either the basis upon which the jurisdiction of the Court depends or the grounds for plaintiffs' asserted claims for relief. However, it does contain great quantities of unnecessary allegations and accusations. Because thereof the drafters of the Complaint not only failed to conform to but

totally ignored the "short and plain" provisions of Rule 8 without any substantial or reasonable justification. Despite close reading and rereading of the voluminous (over 100 pages) Complaint, this Court is in serious doubt as to whether it contains the essential allegations to sustain jurisdiction or a ground for relief as to at least one or more of the various claims asserted.

Failure of plaintiffs' counsel to draft their Complaint in conformity with Rule 8, if not corrected at the beginning of proceedings in the case, certainly will involve serious consequences at the outset and in every phase of further proceedings prior to trial. Unless the Complaint is redrafted in reasonable conformity to Rule 8, time, effort and expense may be devoted to interrogatories, document production, depositions and other means of discovery in relation to subject matter totally irrelevant and valueless as to any real issue in the case.

"It is not merely that a complaint which fails to observe this principle does not comply with Rule 8(a) (2). Even more important is the fact that such a complaint, if allowed to stand, becomes a springboard from which the parties dive off into an almost bottomless sea of interrogatories, depositions, and pre-trial proceedings on collateral issues, most of which may have little relationship to the true issue in the case. The result is that the time of the court and counsel may be wasted and the parties put to needless expense and sometimes to improper harassment. It should be the duty of the court, at the outset, to see that the issue in the case is defined without unnecessary detours, for only by so doing may the future progress of the action be kept within its proper channel." New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., 16 F.R.D. 203, 206 (S.D.N.Y.1954). See, also, Johnson v. Hunger, 266 F.Supp. 590 (S.D.N.Y.1967).

Complaints in which the essentials specified by Rule 8(a) can be discerned with reasonable clarity and without excessive difficulty should not be stricken merely for inconsequential verbosity which readily can be corrected on a motion to strike without excessive effort or delay. Spriggs v. Seaton, 271 F. 2d 583 (10th Cir. 1959). However, when, as in this instance, three mature and experienced attorneys deliberately draft a complaint containing voluminous clearly extraneous allegations making it difficult, if not impossible, to clearly discern the essentials of the claims asserted, such extensive violation of Rule 8 requires that the violation be remedied by those responsible for it. In fairness to all concerned, including the plaintiffs, the Complaint must be stricken. A redrafted Complaint shorn of unnecessary and redundant allegations as required by Rule 8 will clarify and expedite all further proceedings in the case to the great advantage of the parties, counsel and the Court.

For the reasons stated, defendants' motion to strike plaintiffs' Complaint is granted and plaintiffs' counsel are directed to redraft, serve and file an Amended Complaint on or before August 2, 1971. Intentional refusal to comply with this order by not filing an Amended Complaint as directed will require dismissal of the action. Within 20 days after the Amended Complaint is served, defendants shall file answers or motions directed to the Amended Complaint.

Plaintiffs have rightly insisted that three-judge certification must be determined solely on the issues alleged in the Complaint. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Therefore, until an Amended Complaint is filed, there is nothing before this Court upon which to consider or determine whether three-judge certification is required and if so, which of the issues must be determined by a three-judge court.

The application of plaintiffs for an order temporarily restraining the enforcement of several state statutes of Hawaii specified in plaintiffs' Complaint has been fully considered in the light of the memoranda submitted and the argument of counsel. Although plaintiffs' Complaint will be stricken upon entry of this order, the allegations thereof have been reviewed as being submitted in support of the restraining order application. This Court is satisfied plaintiffs' application is insufficient to require or justify an order by this Court suspending the operation of established state legislative enactments providing for extensive public health services.

> "Federal jurisdiction to enjoin execution of a State law on the ground of unconstitutionality should be exercised only in clear cases and when necessary to prevent great and irreparable injury. Cavanaugh v. Looney, 1919, 248 U.S. 453, 39 S.Ct. 142, 63 L.Ed. 353; followed in Hygrade Provision Co. v. Sherman, 1925, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed. 402; Massachusetts State Grange v. Benton, 1926, 272 U.S. 525, 47 S.Ct. 189, 71 L.Ed. 387. Only a case of manifest oppression will justify such interference; * * *." First Nat. Ben. Soc. v. Garrison, 58 F.Supp. 972, 991 (S.D.Cal. 1945), aff'd, 155 F.2d 522 (9th Cir. 1945).

Neither of the above stated requisites has been established in this case, and therefore the application for a temporary restraining order should be denied.

For the reasons stated herein, it is hereby

ORDERED: that the Complaint of plaintiffs be and the same is hereby stricken with leave to amend as above specified; that the application of plaintiffs for a temporary restraining order be and the same is hereby denied; and consideration of three-judge certification is deferred until after filing of an Amended Complaint.