Lawrence B. NIEMANN et al.,
Plaintiffs,

v.

Charles C. HEWITT et al., Defendants.

Civ. A. No. 74–612.

United States District Court,
W. D. Pennsylvania.

Nov. 5, 1974.

Thomas J. Dempsey, Pittsburgh, Pa., for plaintiffs.

Leonard M. Mendelson, Hollinshead & Mendelson, Pittsburgh, Pa., for defendants, John A. Friday, Jr. and Helene W. Friday.

Frank R. Bolte, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for defendants, Charles C. Hewitt, J. K. Beeson and R. K. Follansbee.

Before MARIS, Circuit Judge, and GOURLEY and SCALERA, District Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This district court of three judges has been convened, pursuant to 28 U.S.C. § 2281, to consider the application of the plaintiffs in this case for an injunction to restrain the defendants from proceeding with a hearing by the defendants Hewitt, Beeson and Follansbee as members of the Zoning Hearing Board of the Borough of Fox Chapel in Allegheny County, Pennsylvania on the application of the defendants John A. Friday, Jr. and Helene W. Friday. The Friday application is for a determination by the Board that the Fox Chapel Zoning Ordinance of 1971 and the Zoning District Map referred to therein are invalid as applied to land owned by the Fridays in the Borough.

The Borough of Fox Chapel comprises a wholly residential suburban area of comparatively expensive homes on large lots. The Zoning Ordinance of 1971 restricts land use to single dwelling houses on lots of one, two or three acres, depending upon the zoning district involved. Multiple-unit dwelling houses and apartment houses are not permitted in the Borough. The land of the Fridays is situated on the east side of Fairview Road in the Zone A district of the Borough, a zone which is restricted to single homes on three-acre lots. In their application to the Zoning Hearing Board of the Borough they assert that in failing to provide for duplex and double-house dwellings, row dwellings, garble-house dwellings, row dwellings, garand mid-rise and high-rise multiple-family dwellings, the Zoning Ordinance of 1971 is invalid as is also the Zoning District Map which places their property in the Zone A district. In taking this position, they obviously rely upon the decision of the Supreme Court of Pennsylvania in Girsh Appeal, 1970, 437 Pa. 237, 263 A.2d 395. In the application the Fridays state that they desire to develop their land with multiple-family dwelling units, a site plan of which was

submitted with the application and subsequently modified, and they ask the Zoning Hearing Board to hold a hearing and render a decision on the question of the validity of the ordinance and map as applied to their land.

The Pennsylvania Municipalities Planning Code, as amended, 53 P.S. (Pa.) § 10101 et seq., provides for the establishment of a Zoning Hearing Board in each municipality having a zoning ordinance, to consist of three members appointed by the governing body of the municipality. Under section 910 of the Code the Board is empowered, *inter alia*, to hear challenges to the validity of a zoning ordinance or map and in such case to take and record evidence and decide all contested questions, making findings on all relevant issues of fact which shall become a part of the record on appeal to the court, 53 P.S. (Pa.) § 10910. Section 1004 of the Code, 53 P.S. (Pa.) § 11004, authorizes the submission by a landowner to the Zoning Hearing Board of a substantive challenge to the validity of a zoning ordinance or map which prohibits or restricts the use or development of land in which he has an interest. The landowner must request the Board to hold a hearing on his challenge and the request must be accompanied by plans or other materials describing the use or development proposed by the landowner in form sufficient for evaluating the challenged ordinance or map in the light thereof. Notice of the hearing is to be given and within 30 days after the Board issues its report following the hearing the landowner, the municipality or any aggrieved landowner may appeal to the Court of Common Pleas.

Here the Zoning Hearing Board has held one hearing on the Fridays' application but further scheduled hearings have been enjoined by a temporary restraining order entered in the present suit which was brought by owners of properties in the Borough of Fox Chapel adjacent to or near the property of the Fridays. In this suit the plaintiffs seek injunctive relief against further proceedings by the Zoning Hearing Board on the Fridays' application on the ground that the provisions of the Pennsylvania Municipalities Planning Code under which the Board is acting are invalid and in violation of the plaintiffs' rights under the Federal Constitution. A declaration of such invalidity is also sought in support of the injunctive relief prayed for.

It is a basic doctrine of equity that a court will not grant injunctive relief without a showing by the plaintiff that he will be irreparably injured by the actions of the defendant if not enjoined. State Corporation Commission v. Wichita Gas Co., 1934, 290 U.S. 561, 568, 54 S.Ct. 321, 78 L.Ed. 500; Holiday Inns of America v. B & B Corporation, 3 Cir. 1969, 409 F.2d 614, 618. This principle is applicable to the federal courts. Thus it is well settled that a federal district court of three judges may not suspend by injunction the enforcement by state officers of a challenged state statute except upon a clear and persuasive showing of irreparable injury as well as unconstitutionality. Massachusetts State Grange v. Benton, 1926, 272 U.S. 525, 527, 47 S.Ct. 189, 71 L.Ed. 387; Mayo v. Lakeland Highlands Canning Co., 1940, 309 U.S. 310, 318, 60 S.Ct. 517, 84 L.Ed. 774; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163, 63 S. Ct. 877, 87 L.Ed. 1324; Public Service Commission v. Wycoff Co., 1952, 344 U. S. 237, 240–241, 73 S.Ct. 236, 97 L.Ed. 291. Moreover, the irreparable injury which will be suffered if the statute is enforced must be clear and imminent and must directly affect the plaintiff's rights. Champlin Refining Co. v. Corporation Commission, 1932, 286 U.S. 210, 238, 52 S.Ct. 559, 76 L.Ed. 1062; American Federation of Labor v. Watson, 1946, 327 U.S. 582, 593, 66 S.Ct. 761, 90 L.Ed. 873; National Land & Investment Co. v. Specter, 3 Cir. 1970, 428 F.2d 91, 96.

In the present case the plaintiffs challenge the Pennsylvania Municipalities

Planning Code on two grounds, namely, that the exercise of the police power of the state as provided in the Code offends their federal constitutional rights, and that the Code is so vague, arbitrary, indefinite and uncertain as to deny them due process of law. They also assert and have sought to prove that the further consideration of the Fridays' application by the Fox Chapel Zoning Hearing Board, pursuant to the authority granted it by the Code, will cause them irreparable injury entitling them to the injunctive relief they seek. The defendants deny that the Code offends any federal constitutional mandates and assert, by way of further defense, that the defendant members of the Zoning Hearing Board of the Borough of Fox Chapel are not state officers or engaged in the enforcement or execution of the state statute under attack, within the meaning of 28 U.S.C. § 2281. We do not reach these questions of constitutionality and standing which have been raised by the parties, however, since the plaintiffs have failed to make the showing of clear, imminent and irreparable injury directly affecting their rights which, as we have seen, is a necessary prerequisite to a grant of the injunctive relief which they seek.

■ In an attempt to establish irreparable injury, the plaintiffs have offered evidence of three kinds of injury which they allege has resulted or will result from the conduct of hearings by the Zoning Hearing Board as to the validity of the Fox Chapel Zoning Ordinance.

■ The first is injury to the value of their residential properties. Plaintiff Neimann testified that, in his opinion, his property has depreciated in value since the Fridays' application for a hearing was filed. There was other testimony, very general in nature, as to the possibility of such depreciation. It is obvious, however, that this alleged injury is presently purely speculative and wholly based upon the possibility that in the state proceeding it may be judicially determined on appeal that the Zoning Ordinance is invalid, under the rule adopted by the Supreme Court of Pennsylvania in Girsh Appeal, 1970, 437 Pa. 237, 263 A.2d 395, and that the Fridays are, therefore, not restricted thereby from developing their property with multi-family dwelling units. This event has not occurred, however, and indeed may never occur, and if it should eventuate, any injury suffered by the plaintiffs through depreciation of the value of their properties would be *damnum absque injuria* since, in the absence of a showing that the Fridays' actual use of their property will constitute a nuisance, which is not suggested, the injury would be merely the incidental result of the lawful and reasonable use of their property by neighboring property owners. Gunther v. E. I. duPont de Nemours & Co., N.D.W.Va., 1957, 157 F.Supp. 25, 33, app. dism., 4 Cir., 255 F.2d 710; Commonwealth v. Mayer, Ky., 1962, 357 S.W.2d 879, 881. And see 1 Am.Jur.2d, Adjoining Landowners, §§ 2, 3, 15. Indeed, the plaintiffs concede in their brief that the result sought by the Fridays might lawfully be effected at any time by the Borough Council through the amendment or repeal of the Zoning Ordinance. Mestre v. City of Atlanta, 5 Cir. 1958, 255 F.2d 401. Certainly the result would not be different if the ordinance should be judicially determined to be a nullity.

■ The plaintiffs next urge that irreparable injury to the Borough of Fox Chapel will result through imposing on the Borough budget the burden of providing added municipal services for the increased population to be expected from an apartment development on the Friday property. However, it is the normal function of a municipality to provide such additional services as are required when its population and their needs increase, and the necessity of doing so is not a legally recognized injury, repara-

ble or irreparable. Mansfield & Swett v. Town of West Orange, 1938, 120 N.J. L. 145, 160, 161, 198 A. 225. Moreover, it is obvious that any such increased financial burden upon the Borough is speculative at the best and would not involve a direct injury to the plaintiffs' rights. And, again, if the suggested burden on the Borough should occur it could only realistically result from the application of the law of Pennsylvania by the courts to the Borough Zoning Ordinance and not by reason of the procedural operations of the Zoning Hearing Board.

■ Finally, the plaintiffs offered evidence that they have incurred and will incur large expenses for investigation and conduct of the litigation, including counsel fees, in the proceeding before the Zoning Hearing Board and on appeal in the Pennsylvania courts, and that these constitute irreparable injury which entitles them to injunctive relief. This type of injury is the only one claimed by the plaintiffs which relates to the Board proceeding under the Code rather than to the feared end result of a determination of invalidity of the Zoning Ordinance. However, absent special circumstances not present here, this is not injury in the special legal sense of that term, even if the statute under which the proceeding is brought is unconstitutional. Petroleum Exploration v. Public Service Commission of Kentucky, 1938, 304 U.S. 209, 220–221, 58 S.Ct. 834, 82 L.Ed. 1294; Whitehouse v. Illinois Central R. Co., 1955, 349 U.S. 366, 374, 75 S.Ct. 845, 99 L.Ed. 1155; Younger v. Harris, 1971, 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669. Nor does the incidental threat to the value of

their properties which may be involved in the mere conduct of the proceeding before the Zoning Hearing Board amount to such injury. Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 540, 74 S.Ct. 745, 98 L.Ed. 933. And the fact, which the plaintiffs stress, that their legal rights are first being determined by an administrative board does not, by itself, inflict legal injury upon them, since they have a full judicial remedy on appeal to the courts. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638.

■ In addition to their request for injunctive relief, the plaintiffs have asked for a declaratory judgment that the Pennsylvania Municipalities Planning Code of 1972 is unconstitutional. It is clear, however, that this prayer is in reality a request for a conclusion of law to that effect which would support the issuance of an injunction and that it is subordinate to and in support of that requested relief rather than an independent and separable species of relief. It, therefore, must fall with the denial of injunctive relief.

Since the plaintiffs have failed to show that clear, imminent and irreparable injury directly affecting their rights will result from the hearings which the Fox Chapel Zoning Hearing Board has been temporarily restrained from holding, their claim for injunctive relief must be denied, the temporary restraining order heretofore entered must be vacated and the complaint must be dismissed with costs.

A judgment to that effect will accordingly be entered.