Eric C. JACOBSON, et al., Plaintiffs,

v.

Arnold SCHWARZENEGGER, et al., Defendants.

No. CV 04–3629 JFW(MC).

United States District Court, C.D. California.

Feb. 15, 2005.

Plaintiff Eric C. Jacobson—in pro per.

Christina Bull Arndt, John Rittmayer & Brian Dwight Vaughan, Deputy Attorneys General, Office of the California Attorney General, Los Angeles, CA, for defendants.

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

McMAHON, United States Magistrate Judge.

On the court's own motion, and for the reasons discussed below, the First Amended Complaint is dismissed with leave to amend.

The *pro se* plaintiff, a licensed attorney, filed a ninety-seven page civil rights Complaint on May 21, 2004, asserting claims for relief based upon alleged injuries suffered by the plaintiff following his removal from the "attorney appointment list" maintained by the California Board of Prison Terms ("BPT"), and also purporting to invoke the doctrine of "third party standing" to assert claims for on behalf of a "caste" of some 125,000 California parolees. The Complaint named as defendants: (1) California governor Arnold Schwarzenegger; (2) former California governor Gray Davis; (3) California Youth and Adult Correctional Agency Secretary Roderick Hickman; (4) former California Youth and Adult Correctional Agency Secretary Robert Presley; (5) BPT chairperson Margarita E. Perez; (6) former BPT chairperson Carol Daly; (7) BPT Associate Chief Deputy Commissioner Thomas Wadkins; (8) BPT Chief Counsel Terry R. Farmer; (9) BPT Executive Director Marvin E. Speed, II; (10) BPT Chief Deputy Commissioner Ken Cater; (10) BPT official Sandra Maciel; (11) BPT official Tracy Master; (12) BPT official Marc D. Remis; (13) BPT Counsel Dan Moeller; (14) California Department of Corrections ("CDC") Director Jeanne S. Woodford; (15) former CDC Director Edward S. Alameida, Jr.; (16) parole agent Brigit Murria; and (16) ten fictitious "Doe" defendants.

On August 6, 2004, defendants Schwarzenegger, Davis, Perez, Daly, Wadkins, Farmer, Speed, Cater, Maciel, Master, Remis, Moeller, Woodford, Alameida, Murria and Hickman filed: (1) a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure; and (3) a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. On November 30, 2004, the court issued a Memorandum and Order granting the motion to dismiss, denying the motion to strike and motion for a more definite statement as moot, and dismissing the Complaint with leave to amend.

On January 31, 2005, the plaintiff filed a two-hundred page "First Amended Civil Rights Complaint" accompanied by a separately bound document entitled "Appendix & Exhibits to First Amended Civil Rights Complaint." This Appendix does not contain consecutive page numbers as required by Local Rules 11–3 and 11–5 of the Local Rules of this Court, but appears to be approximately twice as long as the two-hundred page First Amended Complaint. The First Amended Complaint purports to state claims on behalf of plaintiff Jacobson and also on behalf of a new plaintiff, Eric Johnson, allegedly a state prisoner who anticipates release on parole shortly. The plaintiffs seek injunctive relief "abolishing or reforming California's unconstitutional parole system,"[1] and plaintiff Jacobson seeks damages.

The court summarized the allegations of the original Complaint in the Memorandum and Order of November 30, 2004, and it is unnecessary to summarize them again here. For the most part, the allegations of the First Amended Complaint concerning plaintiff Jacobson substantially resemble those of

---

**1.** The First Amended Complaint acknowledges the existence of the settlement in *Valdivia v. Schwarzenegger,* Eastern District of California Case No. CV S–94–0671 LKK/GGH. Although the plaintiffs purport not to allege claims covered by the *Valdivia* lawsuit, the First Amended Complaint alleges that various defendants have impeded implementation of the terms of the *Valdivia* settlement. As the court observed in the Memorandum and Order of November 30, 2004, this court is not the proper forum in which to raise issues concerning the fairness or implementation of the *Valdivia* settlement.

the original Complaint. In the original Complaint, plaintiff Jacobson made allegations on behalf of plaintiff Johnson, then deemed a "prospective plaintiff," many of which are included in the First Amended Complaint. Despite the fact that the First Amended Complaint is substantially similar to the original Complaint in most respects, the pleading has more than doubled in length, not including the lengthy Appendix.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain" statement of the claim for relief. "Each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir.2000) (citations and quotations omitted).

In the Memorandum and Order of November 30, 2004, the court advised plaintiff Jacobson of the requirements of Rule 8(a), the provisions of which plaintiff Jacobson, a licensed attorney, should be aware in any event. *See Silver v. Queen's Hospital*, 53 F.R.D. 223, 226–27 (D.Hawai'i 1971)(attorney practicing in federal court had professional duty to comply with Federal Rules of Civil Procedure, including Rule 8). "When attorneys admitted to practice in Federal courts prepare complaints, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange. It is the duty and responsibility, especially of experienced counsel, to state those essentials in short, plain and nonredundant allegations." *Id.* (citations omitted).

The First Amended Complaint represents an even more egregious violation of Rule 8(a) than its predecessor. Like the original Complaint, much of the First Amended Complaint consists of a rambling diatribe including historical narrative, legal argument, and excerpts from newspaper articles, web sites and the Little Hoover Commission Report. The pleading is replete with hyperbole and punctuated by references to the Merchant of Venice, Daniel Webster, Victor Hugo, Scott Peterson, and the January 2005 collision of two local Metrolink trains (an event having absolutely nothing to do with this lawsuit).

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996), the Ninth Circuit affirmed a district court's dismissal of a complaint consisting of a "rambling" narrative containing "immaterial background information," and "storytelling or political griping," in which each claim for relief incorporated 122 paragraphs of confused factual allegations and then made " 'perfunctory reference to a legal claim said to arise from these undifferentiated facts.' " *Id.* at 1176–77. Here, like the complaint in *McHenry v. Renne*, and like the original Complaint, much of the First Amended Complaint "reads like a magazine story instead of a traditional complaint." *See id.* at 1176; *see also Lippitt v. Raymond James Financial Serv., Inc.*, 340 F.3d 1033, 1036, 1040 (9th Cir.2003) (complaint containing passages from newspaper article and New York Stock Exchange disciplinary decision to show defendants' allegedly deceptive practices in other cases "scrupulously avoided any pretense of complying with F.R.Civ.P. 8," and demonstrated a "kind of garrulity in pleading [which] is flagrantly inconsistent with Rule 8").

A federal court lawsuit cannot proceed on the basis of this sort of pleading. Neither the court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for the plaintiffs' claims. There is no apparent reason why the First Amended Complaint should have ballooned to over double the length of the original pleading, and no apparent reason justifying the addition of a lengthy Appendix consisting of purported evidentiary matter. The First Amended Complaint must be dismissed. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985) (not an abuse of discretion to dismiss complaint which, with attachments, exceeded

70 pages in length); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of amended complaint consisting of 23 pages and 24 pages of addenda, which was as verbose, confusing and conclusory as the original 48 page complaint); *Carrigan v. Calif. State Legislature,* 263 F.2d 560, 566–67 (9th Cir.), *cert. denied,* 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959) (complaint containing 150 pages describing plaintiff's thoughts, worries, hearsay conversations, letters, and "difficulties and frustrations with doctors, the insurance company, and most everyone else with whom she was in contact" violated Rule 8(a)); *see also Vicom, Inc. v. Harbridge Merchant Serv., Inc.,* 20 F.3d 771, 776 (7th Cir.1994) (filing of "confusing, redundant and seemingly interminable" 119–page complaint a an " 'egregious violation of Rule 8(a)' ").

The court will afford the plaintiffs one further opportunity to file a pleading that conforms to the requirements of Rule 8. The plaintiffs are granted leave to file a second amended complaint on or before March 11, 2005. Any second amended complaint must be full and complete in and of itself, without reference to any other previously filed document. Any second amended complaint *must* comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, and *must* contain only a *"short and plain"* statement of the facts constituting the claim or claims for relief.

The plaintiffs are warned that, the event that the plaintiffs file a second amended complaint that fails to comply with this order, the court will recommend dismissal of the action for failure to obey a court order and failure to comply with Rule 8. *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (action may be dismissed for failure to obey court order), *cert. denied,* 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992), *cert. denied,* 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992) (court may dismiss *pro se* litigant's action for failure to obey court order); *Shakespeare v. Wilson,* 40 F.R.D. 500, 505–06 (S.D.Cal.1966) (dismissing action with prejudice for repeated violations of Rule 8).

In the event that the plaintiffs fail to file a second amended complaint complying with the terms of this Memorandum and Order with the court on or before March 11, 2005, the court may recommend dismissal of the action. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Pagtalunan v. Galaza,* 291 F.3d at 642–43; *Ferdik v. Bonzelet,* 963 F.2d at 1260.