Walter J. Bayer, J.
The defendant Sharon Krebs, a housewife and mother of a young child, is charged with violating ordinances of the City of New York in two areas.
Section B36-93.0[1] of the Administrative Code of the City of *579 New York requires a person who acts as a peddler to obtain a license so to do. Admittedly Mrs. Krebs had no peddler’s license when, on September 8, 1966, she engaged in the activity of selling leaflets, magazines, booklets, newspapers, all of them making appeals to support the National Liberation Front, commonly referred to as the Viet Cong and all the literature uttering anti-Vietnam War strictures and postured in a pro-Communist approach against the Vietnam policy of the American Government.
In addition to the literature, the defendant Krebs sold flags and buttons. These buttons contained legends such as ‘ ‘ bri xg PEACE TO VIETNAM “ SUPPORT THE NATIONAL LIBERATION FRONT ”, “ VIETNAM — WATTS—GUATEMALA SUPPORT LIBERATION STRUGGLES ”, “ AMERICAN LIBERATION LEAGUE ”, and “ VIETNAM — WE WONT GO ”.
The other area of the People’s charge is the alleged violation of section 692h-1.0[2] of the Administrative Code in that the defendant Krebs did obstruct the sidewalk in front of 131 Second Avenue in the City of New York with a table, thereby depriving pedestrians of free access to the sidewalk. The statute makes it unlawful for any person “ to incumber or obstruct any street # * * with any article or thing whatsoever”.
The American Civil Liberties Union has come to the defense of Mrs. Krebs urging that the activity in which she was engaged constituted the exercise of the most cherished constitutionally protected right of free speech. Apart from challenging the evidence adduced by the People as to whether in fact pedestrian traffic was actually obstructed, Mrs. Krebs urges that the literature, the buttons, the flags, all were manifestations of communication of thoughts and ideas implicit in the protections afforded to free speech. She points directly to that line of decisions flowing out of the sale of Bibles by Jehovah’s Witnesses (People v. Barter, 289 N. Y. 378; People v. Hennacy, 308 N. Y. 1039; cf. People v. Kaufman, 47 Misc 2d 1074).
The factual difference between the sale of buttons and flags and the sale of Bibles is urged by the People as distinguishing this case from the constitutionally protected activity as promulgated by the foregoing decisions. This distinction is without merit.
It is manifest that Mrs. Krebs was not selling these buttons so that articles of clothing could be pinned together or otherwise adorned, but rather indeed for the central purpose of *580 communicating in a dramatic manner, her convictions and those of others in opposition to American activity and policy in Vietnam. The court has read the literature and, though it be. spawned in concepts violently opposed to the present American policy, nevertheless, Mrs. Krebs’ activity cannot be diminished, circumscribed or curtailed because it may be directly opposed to the present policy of our Government. The buttons and flags were in the circumstances here, part and parcel of the dissemination of Mrs. Krebs’ convictions. Actually the buttons and flags supplemented the literature and did not constitute the center point of Mrs. Krebs’ appeal to the pedestrian public on September 8, 1966.
Moreover, the purpose and thrust of the peddler license ordinance was to regulate the use of the public highways and streets for manifest commercial purposes and ventures. It was not intended to strike down First Amendment rights or subject proper exercise of free speech to Municipal Regulation or police dictation (see People v. Markowitz, 18 N Y 2d 953 expressly pointing to Cox v. Louisiana, 379 U. S. 559 [1965]).
On the evidence therefore, and in accordance with the mandates of both the Federal and New York State Constitutions, the complaint charging a violation of Administrative Code section B36-93.0 is dismissed.
Consideration of the charge of sidewalk obstruction at once calls up the decision of People v. Strauss (48 Misc 2d 1006 [Basel J., 1965] and the authorities there cited; cf. People v. Kaufman, supra) where the setting up “ of a table, four feet by four feet, on the sidewalk close to the curb 30 feet south of the corner of Sixth Avenue and Eighth Street in Greenwich Village ” upon which was literature opposing “ American Foreign Policy in Vietnam”, was held to be a proper exercise of the constitutional right of free speech even though the sidewalk was partly obstructed “but pedestrians could pass and no one was seriously inconvenienced by the presence of the table and crowd it attracted”. (Cf. Prof. Forkosch’s revealing article “Draft Card Burning — Effectuation and Constitutionality of the 1965 Amendment”, 32 Brooklyn L. Rev. 303, 328.)
Asserted invasion of Federal rights and particularly that of free expression by a local ordinance immediately and in the first instance, calls upon the local and State courts to give urgent heed to this plea because ‘ ‘ The First Amendment is a great charter of American freedom” and its protection shelters “ precious rights of personal liberty ”. (Greenwood v. Peacock, 384 U. S. 808, 825; see, also, Chestnut v. People of State of New *581 York, 370 F. 2d 1, 6, 7, decided Dec. 2,1966) plainly emphasizing that constitutional issues are to be litigated first in the State courts.
Mrs. Krebs asserts constitutional infirmities not only predicated upon the First Amendment but also upon the vagueness of the “sidewalk obstruction statute” which in its omnibus generality “leaves wide open the standard of responsibility”. (Ashton v. Kentucky, 384 U. S. 195 [1966]; see People v. Bookcase, Inc., 14 N Y 2d 409, 412.)
The constitutional bifurcated thrusts emphasized by her is capsuled by Mr. Justice Douglas. “Here * ® * we deal with First Amendment rights. Vague laws in any area suffer a constitutional infirmity. When First Amendment rights are involved, we look even more closely lest, under the guise of regulating conduct that is reachable by the police power, freedom of speech or of the press suffer.” (Ashton v. Kentucky, supra, p. 200; see Ann. 16 L. ed. 2d 1231 et seq.)
Although issues of the import here generally await guidance from our highest court, there is no reported decision by our Court of Appeals limiting the literal impact arising out of the manifest broad and all encompassing language of the “sidewalk obstruction” ordinance. Perforce this court, led along the path of constitutional interpretations by Shuttlesworth v. Birmingham (382 U. S. 87 [1965]) (cf. Cameron v. Johnson, 262 F. Supp. 873, 875, 876, 880 [U. S. Dist. Ct., S. D. Miss.]) must seek guidance from decisions of our Court of Appeals where like general language statutes were examined.
Plainly illustrative of this approach is United States v. Jones (365 F. 2d 675 [0. A. 2d, 1966]) where, the Federal Court of Appeals for the Second Circuit dealt with a constitutional challenge to subdivision 2 of section 722 of the New York Penal Law, the disorderly conduct statute. In United States v. Jones, defendants urged (p. 677) that “ Section 722 (2) was unconstitutionally vague on its face in that it could be construed to prohibit the exercise of first Amendment rights ”. The District Court (244 F. Supp. 181 [Tyler, J.]) turned this challenge aside “ on the ground that the section had been narrowly construed by the New York Court of Appeals and was inapplicable to peaceful demonstrations which caused minor inconvenience to passersby ”. (365 F. 2d 675-, 677.)
Although there is no decision by our Court of Appeals, this court must and will nevertheless uphold the statute by preventing the “ sidewalk obstruction ” ordinance from infringing on the exercise of First Amendment rights, in the manner that our Court of Appeals similarly did with respect to the disorderly *582 conduct statute in People v. Carcel (3 N Y 2d 327) and in People v. Nixon (248 1ST. Y. 182). In so doing, the sidewalk ordinance as so construed “is not unconstitutionally broad” (United States v. Jones, supra, p. 677).
As mandated by the foregoing decision of Slmttlesworth, Peacock, Jones and Chestnut, this court therefore construes section 692h-1.0 to make unlawful those acts committed on public streets which so substantially impede or delay the convenient and safe passage of pedestrian traffic as to curtail seriously and without any legal justification the use thereof by others. (See the first Cox v. Louisiana decision, 379 U. S. 536, 553-557 [1965].) It is in this posture that the court will decide this criminal charge against Mrs. Krebs.
Hence, this court holds that distributing literature, buttons and flags (even though incidental acts of selling may occur) asserting vigorously dissent from American policy in Vietnam and placing a table on the sidewalk incident to such distribution, is a clear and proper exercise of a First Amendment right and, section 692h-1.0 of the Administrative Code does not permit or suffer a conviction for such an exercise of this right. (Cf. Adderley v. Florida, 385 U. S. 39 [1966] where a general trespassing statute was upheld because the Florida court limited its impact.)
The court by virtue of this construction declines to hold the ordinance, on its face, unconstitutional and, therefore, denies her motion to dismiss on this ground.
This then impels a consideration of the sufficiency of the evidence to determine whether the conduct of Mrs. Krebs went beyond a ‘ ‘ clear and proper exercise ’ ’ of her right of freedom of speech in that pedestrians were ‘1 substantially ’ ’ impeded or delayed in their “ convenient and safe passage ” on Second Avenue at 3:30 p.m., Thursday, September 8, 1966 (cf. People v. Knight, 35 Misc 2d 216). In this area, as always, the burden of proof is on the People to establish beyond a reasonable doubt the illegality of her conduct. Upon all the evidence and recognizing the unusually wide width of the sidewalk, the mid-afternoon time of the alleged offense, the conflicting testimony as to the density of the pedestrian traffic, and the mighty strength of Mrs. Krebs’ constitutional right to speak out her views, the court finds her not guilty of this charge. The complaints respectively based on sections B36-93.0 (peddling) and 692h-1.0 (obstructing sidewalks) of the Administrative Code are therefore, dismissed and defendant Sharon Krebs discharged.

. B36-93.0 License required.— It shall be unlawful for any person to act as a peddler, without a license therefor, from the Commissioner.

. § 692h-1.0 Special uses of streets.— It shall be unlawful for any person, except as otherwise provided in this code, to incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever.