**PLAYTIME GAMES, INC., Plaintiff,**

**v.**

**The CITY OF NEW YORK, DEP'T OF BUILDINGS, Irwin Fruchtman, Commissioner, and Department of Consumer Affairs, Bruce L. Ratner, Commissioner, Defendants.**

**No. 81 Civ. 4061.**

United States District Court, E. D. New York.

March 18, 1982.

Shea & Gould, New York City (Sheldon D. Camhy, New York City, of counsel), for plaintiff.

Frederick A. O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City (John W. Russell, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER OF DISMISSAL

McLAUGHLIN, District Judge.

This is another of several cases pending in state and federal courts which involve the City of New York's zoning and licensing laws regulating coin operated video game machines.[1] *See, e.g., America's Best Family Showplace Corp. v. City of New York*, 81 Civ. 4087 (E.D.N.Y., McLaughlin, J.); *Dream Machine, Inc. v. City of New York*, 81 Civ. 7307 (S.D.N.Y., Gagliardi, J.); *L-Jo Amusements, Inc. v. City of New York*, 81 Civ. 7823 (S.D.N.Y., Conner, J.); *City of New York v. Rambling Ram Realty Corp.*, No. 43556/81 (S.Ct.N.Y.Co.); *L-Jo v. City of New York*, No. 7497/81 (S.Ct.N.Y.Co.).

Plaintiff operates a business in Brooklyn, New York offering entertainment through coin-operated video games. Under the City's regulatory scheme, plaintiff was unable to obtain a license to operate its business. Nevertheless, plaintiff opened for business and simultaneously brought this suit. Plaintiff seeks a judgment declaring the regulatory scheme unconstitutional, in violation of the First and Fourteenth Amendments, and enjoining their enforcement. The defendants moved to dismiss the complaint on abstention grounds. The motion is granted.

*Discussion*:

As noted, the present case is one of numerous pending state and federal actions. Indeed, in addition to those cases cited above, there are at least fourteen criminal proceedings pending in the New York City

---

1. *See America's Best Family Showplace Corp. v. City of New York*, 81 Civ. 4087 (Memorandum and Order, dated Jan. 19, 1982), for a description of the City's regulatory scheme.

Criminal Court against plaintiff's employees for operating a business in violation of the City's zoning and licensing laws. Defendants argue that because of the pending state criminal and civil suits, this Court should abstain from exercising its jurisdiction under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

█ In *Younger*, the Supreme Court held that principles of comity preclude a federal court from granting injunctive relief to a plaintiff challenging the constitutionality of state law or action where the plaintiff is a defendant in a pending state criminal action in which the constitutional issue may be raised. Declaratory relief is similarly barred. *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The same rule applies when the defendants in the state criminal actions are employees of the federal plaintiff if, as here, the interests of the federal plaintiff and state defendants are "intertwined." And the rule applies even though the criminal actions are commenced after the federal complaint is filed. *Hicks v. Miranda*, 422 U.S. 332, 348–49, 95 S.Ct. 2281, 2291–92, 45 L.Ed.2d 223 (1974).

█ In this case, there are at least fourteen pending criminal proceedings against plaintiff's employees. Plaintiff contends, however, that the *Younger* doctrine is inapplicable because the limited jurisdiction of the New York Criminal Court precludes it from fully adjudicating plaintiff's federal constitutional issues.[2] However, plaintiff has failed to show that state criminal judges lack jurisdiction to consider federal constitutional claims or are somehow incompetent to decide these claims.

█ Plaintiff also contends that even if it prevails on a constitutional defense in the pending criminal actions, the acquittals will not provide them with the ultimate remedy they seek, i.e., a declaratory judgment annulling the licensing and zoning scheme.

This argument, however, ignores the pendency of a massive civil action, *City of New York v. Rambling Ram, supra,* brought by the City to close down more than sixty amusement arcades, in which such a remedy is being sought. Indeed, the pendency of the *Rambling Ram* suit alone would be sufficient under the *Younger* doctrine to preclude this Court from exercising jurisdiction. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

█ Plaintiff also argues that abstention is inappropriate because the state courts have deliberately avoided plaintiff's constitutional claims. In *L-Jo v. City of New York*, No. 7497/81 (S.Ct.N.Y.Co.), L-Jo brought an Article 78 proceeding challenging the denial of a license to operate a video arcade. The City counterclaimed, seeking to enjoin L-Jo from operating without a license. On May 18, 1981, the Court denied L-Jo's application and granted the City's motion for a preliminary injunction. L-Jo then raised the federal constitutional arguments for the first time on a motion for reargument. The motion was denied because the challenge was premature since L-Jo's application for a variance from the zoning laws had not yet been acted upon and because the constitutional issues raised on the motion for re-argument were not before the court on the original motion. *L-Jo v. City of New York*, slip op. at 2.

The Appellate Division, First Department, affirmed without opinion and L-Jo sought leave to appeal to the Court of Appeals. On February 9, 1982 the Court of Appeals denied leave to appeal from the First Department's decision because the ruling did not finally determine the merits.

These decisions do not suggest that the New York courts have deliberately avoided the constitutional issue or that they will avoid the issue in the future. The constitutional issues may be raised in the trial of

---

2. Section 31 of the New York City Criminal Court Act provides:

The court and the judges thereof, except as otherwise provided in this act, shall have jurisdiction with respect to crimes and offenses committed within the City of New York, as follows:

(1) To hear, try, and determine all charges of misdemeanor, except charges of libel;
(2) To hear, try, and determine all offenses of a grade less than misdemeanor.

the State L-Jo action and will be raised in the City's massive *Rambling Ram* civil case as well. Finally, plaintiff may raise the issues in the pending criminal proceedings against its employees.[3] Under these circumstances, the *Younger* doctrine bars the Court from adjudicating this case.[4] *See L-Jo Amusements, Inc. v. City of New York*, 81 Civ. 7823 (S.D.N.Y. March 1, 1982); *Dream Machine, Inc. v. City of New York*, 81 Civ. 7307 (S.D.N.Y. Jan. 20, 1982).

Accordingly, the defendants' motion to dismiss is granted and the complaint is dismissed.

SO ORDERED.

---

**3.** I find that none of the circumstances (specifically where state proceedings were initiated in bad faith) in which the *Younger* doctrine would not be a bar are present in this case. *See Younger v. Harris*, 401 U.S. at 54, 91 S.Ct. at 755.

**4.** Plaintiff's "Padlock Law" argument is without merit because there is no showing that the law is being enforced against plaintiff.