**YOUTH INTERNATIONAL PARTY, Plaintiff,**

v.

**Hon. Robert J. McGUIRE, Police Commissioner, City of New York, Defendant.**

**No. 83 Civ. 5770(KTD).**

United States District Court, S.D. New York.

Oct. 6, 1983.

Kunstler & Mason by William M. Kunstler, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corporation Counsel by Norma Kerlin, Asst. Corporation Counsel, New York City, for defendant.

## MEMORANDUM DECISION AND ORDER

KRAM, District Judge.

The above-captioned case came before this Court upon the motion of plaintiff Youth International Party ("YIP") for a preliminary injunction. For the reasons stated below, this Court finds that determination of the issues raised herein should properly be left to the city courts; therefore, plaintiff's motion is denied and this action is dismissed in part and stayed in part.

## BACKGROUND

YIP is an unincorporated political party which is engaged in disseminating information and materials designed to focus the recipients' attention on particular contemporary political and social issues. For example, YIP is currently disseminating information and materials urging the decriminalization of marijuana use as well as materials in opposition to the registration requirement of 50 U.S.C.S. App. § 453. One item YIP has distributed in connection with its efforts regarding the registration requirements is a T-shirt embossed with the slogan "Resist Now More Than Ever" around a colorful design.

On July 26, 1983, members of YIP set up a table from which to disseminate materials along the sidewalk adjacent to 333 Sixth Avenue, south of West Fourth Street. The table was located approximately twenty yards from a small park containing basketball courts. The park, although small, is a popular gathering spot. YIP chose this location to be able to reach a large number of people. The members of YIP distributed materials from that table, seeking contributions or donations for some of the materials disseminated (including the T-shirts described above).

On that evening, while the members of YIP were at this table, they were approached by three police officers: apparently one officer arrived on foot and the other two responded to the first's radio call by patrol car. These officers asked the members of YIP whether they had obtained a permit from the Supervisor of the Parks Department. The YIP members indicated that no prior approval was required under the Constitution and under Administrative Law Judge Sol. H. Sleppin's decision dismissing a similar summons in *City of New York v. Boyd*, No. 016–994–405, slip op. (Environmental Control Board September 18, 1981).[1] Thereupon, the officers issued a summons for "Reading paraphaniala [sic] and T-shirts without license, tax, etc." (Exhibit C to Order to Show Cause dated August 4, 1983).[2] The officers also issued three summonses for assorted alleged violations of vehicles and traffic laws (e.g., expired meter) (Exhibits E, F, and G to Order to Show Cause dated August 4, 1983).

On August 3, 1983, members of YIP apparently returned to this location on Sixth Avenue. On this date, the members again were issued summonses. This time the criminal summonses issued included: "Exibiting [sic] sign to solicit"; "Fund Raising No Park Permit"; and "Obstructing Ped. Traffic" (Exhibits F, G, and H to Complaint).

YIP apparently has not returned to this location since receiving the summonses discussed above. The enforcement of those summonses, or at least the summons relating to the distribution of reading paraphernalia and T-shirts, is still pending before an administrative law judge.

## DISCUSSION

YIP commenced this action against Robert J. McGuire, Police Commissioner of the City of New York, on August 4, 1983. The complaint sets out the facts outlined above and alleges that the police officers' acts deprive YIP, and its members, of its constitutional rights. YIP asserts that the subject matter jurisdictional requirements are met in this case pursuant to "The First, Fifth and Fourteenth Amendments ... 28 U.S.C. 1331, 1332 [sic],[3] 1341, 1651 and 2201 and ... 42 U.S.C. 1981, et seq." (Complaint, § 3). The relief plaintiff seeks is as follows:

A. A temporary restraining order directing defendant to prevent all of his agents, servants and employees from interfering with or otherwise impeding the

---

1. Apparently the members of YIP were conveniently carrying a copy of this decision.

2. Presumably the alleged violation involved some kind of distribution or sale of those materials and not just the "reading" thereof.

3. This Court is at a loss to determine how diversity is found in this case; however, since plaintiff has sufficiently invoked the federal question jurisdiction of this Court, the Court regards the reference to 28 U.S.C. § 1332 as a typographical error.

exercise by plaintiff and its members, associates and supporters of their First Amendment rights.

B. A preliminary and permanent injunction preventing defendant, his agents, servants and employees from interfering with or otherwise impeding the exercise by plaintiff and its members, associates and supporters of their First Amendment rights.

C. A declaratory judgment declaring that it is constitutionally impermissible for defendant, his agents, servants and employees to interfere with or otherwise impede the exercise by plaintiff and its members, associates and supporters of their First Amendment rights.

D. Compensatory damages in an amount yet undetermined. . . .

(Complaint, p. 6).

This Court denied plaintiff's request for a temporary restraining order in its Order to Show Cause dated August 4, 1983. YIP moved for a preliminary injunction pursuant to that Order to Show Cause

enjoining defendant and all persons acting under his command, direction, supervision or control from arresting or otherwise interfering with plaintiff or any of its members, associates, friends or supporters engaged in the sale or distribution of political buttons, posters, T-shirts, literature and other material protected by the First Amendment on the streets of the City of New York.

A word must be said at the outset about the astounding breadth of YIP's requested relief. On its face, the relief requested in the Complaint seeks, simply put, a declaration "that plaintiff has protected constitutional rights," and an injunction "keeping those rights intact." Plaintiff does not need this Court to do that: the Constitution of the United States of America does it for plaintiff. This Court would not, even if it could, issue an injunction worded so broadly.

■ This Court cannot act at all, except upon the assertion of a "case or controversy" within Article III of the Constitution of the United States of America, *E.g., O'Shea*

*v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Chief Justice Hughes defined that requirement as follows:

A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of *specific relief* through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth,* 300 U.S. at 240–41, 57 S.Ct. at 463–64 (emphasis added).

■ The "specific relief" that Chief Justice Hughes spoke of must arise out of the live factual relationship between the parties. Plaintiff must have suffered "some threatened or actual injury resulting from the putatively illegal action." *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). Thus, plaintiff must allege a specific injury or threat of injury and its connection to specific conduct of the defendant. A real threat of prosecution under an allegedly unconstitutional statute is sufficient to allege an actual case or controversy. *See, e.g., Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *New York Public Interest Research Group, Inc. v. Village of Roslyn Estates,* 498 F.Supp. 922 (E.D.N.Y.1979) ("NYPIRG"). A pending prosecution under an allegedly unconstitutional statute, therefore, *a fortiori* is sufficient to allege an actual case or controversy.

■ Defendant argues in his answering papers on plaintiff's motion that no case or controversy is present here. This Court does not agree. Plaintiff has alleged that its members are currently faced with a summons arising out of their distribution of

materials on Sixth Avenue without the prior permission of the Parks Department. The active enforcement of the permit requirements of the peddling ordinances involved herein, as shown by the issuance of that summons, also shows that a real threat of the continued enforcement of those ordinances exists. *See, e.g., NYPIRG,* 498 F.Supp. at 926–28. Plaintiff also alleges that the distribution of its materials is protected activity. Thus, plaintiff has alleged a case or controversy allowing for specific relief in that there is a specific injury or threatened injury—deprivation of its constitutional rights—resulting from specific conduct of the defendant—enforcement of the licensing requirements of the peddling ordinances against YIP.

Ascertaining the existence of a case or controversy, however, is only the beginning of the analysis. The Court must indicate precisely what is to be enjoined if any injunctive relief is to be granted. Rule 65(d), Federal Rules of Civil Procedure. Thus, the Court must parse the broad request for relief and descry what the specific relief plaintiff seeks consists of. Only then will this Court be able to determine what, if any, relief plaintiff is entitled to.

As discussed above, plaintiff has alleged that it distributed, and seeks to recommence distributing, various materials, including literature and T-shirts, on the sidewalks of New York City adjacent to public parks—and particularly the park on Sixth Avenue just south of West Fourth Street—without the prior permission of the Supervisor of the Parks Department. For this activity, plaintiff has been issued various summonses, at least one of which was issued pursuant to New York City's peddling or vending ordinances which require licensing. Having said all this, it is not difficult to determine the specific relief YIP seeks: to wit, a declaration that the New York City vending ordinances (as discussed below, it is not entirely clear which ordinances are even applicable to YIP's conduct) are unconstitutional, *as applied* to YIP's dissemination of materials, including T-shirts, without prior consent; an injunction against the enforcement of those ordinances

as applied to YIP; and damages for the enforcement of those ordinances in derogation of plaintiff's constitutional rights. There is currently pending before an administrative law judge a summons issued to a member of YIP pursuant to the allegedly unconstitutional ordinances. In order to fully grant the relief YIP seeks, this Court would have to enjoin that pending city proceeding. This Court, therefore, treats this motion for preliminary relief as an application for an injunction against the pending city proceeding involving the summons issued pursuant to the disputed ordinances and against the future enforcement of those ordinances, through summonses, arrests, and the like, during the pendency of the underlying action.

Defendant raises an argument in his answering papers in opposition to this preliminary relief which should be dealt with first. This case, it is urged, calls for the application of the doctrines of equitable restraint and abstention. Because this Court agrees that those doctrines apply to this case, the traditional standards governing the issuance of a preliminary injunction are inapplicable.

As discussed above, fully granting YIP the relief it seeks on this motion would require this Court to enjoin the pending city proceeding enforcing the summons issued to YIP's members. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts should ordinarily refuse to entertain a suit that requires enjoining ongoing state criminal prosecutions, absent extraordinary circumstances. This equitable restraint is dictated by

> the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways.

*Younger,* 401 U.S. at 44, 91 S.Ct. at 750.

Moreover, federal restraint under these circumstances "is founded on the premise

that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975). It would be difficult to enjoin state criminal proceedings without "reflecting negatively upon the state court's ability to enforce constitutional principles." *Steffel v. Thompson*, 415 U.S. at 462, 94 S.Ct. at 1217.

■ The key to equitable restraint under *Younger* and its progeny is the existence of a pending state or local proceeding. As the court stated in *Bryant v. Commissioner of Social Services*, 530 F.Supp. 1175, 1182 (S.D. N.Y.1982), "[t]he *sine qua non* of abstention under *Younger v. Harris* is the possibility that a finding for the plaintiff would involve *enjoining* a state proceeding." Where there is no pending proceeding, there is no possibility of enjoining one; therefore, *Younger* abstention is inapplicable. *See, e.g., Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); *Steffel*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505; *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926).

There is a pending proceeding which would have to be enjoined in order to grant YIP the relief it seeks. YIP does not admit the validity of the summons issued. This case is, therefore, distinguishable from those where the validity of pending state proceedings was admitted for the purposes of obtaining purely prospective federal relief. *See, e.g., Wooley*, 430 U.S. at 711, 97 S.Ct. at 1433 (no effort to affect prior convictions); *Black Jack Distributors, Inc. v. Beame*, 433 F.Supp. 1297, 1304 n. 19 (S.D.N. Y.1977) ("the validity of these arrests is conceded for the purposes of this motion").

■ The pending proceeding in this case is not a criminal proceeding. *Younger*, however, has been extended to civil actions. *E.g., Middlesex County Ethics Commission v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (disciplinary proceeding against attorney) ("Middlesex County"); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (child custody proceeding); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (action to recover public assistance payments alleged to have been fraudulently obtained); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (contempt proceeding against private civil litigant); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (nuisance action to close down movie theater which exhibited obscene films). As the Court stated in *Middlesex County*, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." 102 S.Ct. at 2521. If an important state interest is involved, the "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Moore*, 442 U.S. at 430, 99 S.Ct. at 2380.

■ In this case the City has an important interest in the enforcement proceedings pending. The vending ordinances at issue are crucial to the City's regulation of commercial activities on the streets of New York. Furthermore, YIP will have an adequate opportunity to present its constitutional claims to the administrative law judge. Indeed, YIP may well have the same success presenting its constitutional claims to the Environmental Control Board as did Ms. Boyd. *Boyd, supra*. Thus, in the absence of extraordinary circumstances *Younger* is applicable to this case.

■ *Younger* is inapplicable where the state or local proceeding has been brought in bad faith or to harass the federal plaintiff. *Younger*, 401 U.S. at 48, 91 S.Ct. at 752; *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). *Younger* is also inapplicable when the statute at issue is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 754–755 (quoting *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416

(1941)). Moreover, *Younger* is inapplicable if the remedy the federal plaintiff seeks can not be obtained by the defense of a single state or local proceeding. *Younger,* 401 U.S. at 48, 91 S.Ct. at 752; *Black Jack Distributors,* 433 F.Supp. at 1303. Finally, *Younger* is inapplicable in "extraordinary circumstances." The Supreme Court, discussing these extraordinary circumstances, said "whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief." *Kugler,* 421 U.S. at 125, 95 S.Ct. at 1531.

This Court finds that none of these is present here. Although YIP alleges that defendant's agents are pursuing it in bad faith because of their disagreement with its views, the record simply does not establish that this summons was issued in bad faith or to harass YIP. *See Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 676, 27 L.Ed.2d 701 (1971); *Cameron v. Johnson,* 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); *compare, Dombrowski,* 380 U.S. at 482, 85 S.Ct. at 1118 ("the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions"); *Black Jack Distributors,* 433 F.Supp. 1297. Additionally, the ordinances involved here are not clearly unconstitutional. YIP's complaint does not appear to allege that these ordinances are unconstitutional on their face, but rather as applied. Furthermore, this Court can find no reason why YIP's defense to the ongoing city proceeding will not suffice to resolve this issue. Finally, this Court does not feel that this case compels "immediate federal equitable relief." YIP relies heavily on the case law indicating that the chilling of First Amendment rights amounts to irreparable harm. *See Elrod v. Burns,* 427 U.S. 347, 374, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976). The Court in *Younger,* however, held that "this sort of 'chilling effect' . . . should not by itself justify federal intervention." 401 U.S. at 50, 91 S.Ct. at 753. Furthermore, the fact that *Younger* has been applied in several cases where the federal plaintiff alleged infringement of First Amendment rights indicates that alleged First Amendment infringement, without more, is not an extraordinary circumstance. *E.g., Byrne v. Karalexis,* 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); *Perez v. Ledesma,* 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *Younger,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669.

The fact that the pending city proceeding involves one of YIP's members, rather than YIP, has no impact on the applicability of *Younger* to this case. *Playtime Games, Inc. v. City of New York,* 535 F.Supp. 1069 (E.D.N.Y.1982) (criminal proceedings against federal plaintiff's employees).

Furthermore, the fact that the defendant herein is an executive officer without a judicial function (compare a judge or a district attorney) is also without impact on the applicability of *Younger* to this case. *Cf., Rizzo v. Goode,* 423 U.S. 362, 380, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976) (notions of comity apply as well to claims against "those in charge of an executive branch or an agency of state or local government"); *Massachusetts State Grange v. Benton,* 272 U.S. 525, 47 S.Ct. 189, 71 L.Ed. 387 (1926) (executive officers). Additionally, as discussed above, to fully grant YIP's requested relief would require an injunction against someone with control over the pending city proceedings.

*Younger* notions of avoiding interference with state and local proceedings are invoked as well when declaratory relief is sought from a federal court in the face of a pending proceeding. *E.g., Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Younger,* 401 U.S. at 41 n. 2, 91 S.Ct. at 749 n. 2.

Thus equitable restraint is applicable to this case with respect to the injunctive and declaratory relief sought. The motion for a preliminary injunction, therefore, must be denied and the action dismissed insofar as it seeks injunctive and declaratory relief. *E.g., Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Huffman,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482; *Samuels,* 401 U.S. 66,

91 S.Ct. 764, 27 L.Ed.2d 688; *Younger,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669. It is less clear what disposition this Court should make with respect to YIP's claim insofar as it seeks damages. In *Giulini v. Blessing,* 654 F.2d 189 (2d Cir.1981), the Second Circuit held that the portion of a complaint seeking damages could not be dismissed; however, the court held that that portion of the claim should be stayed pending the determination of the state or local proceeding. On the other hand, in *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the Supreme Court held that notions of comity also called for the dismissal of an action seeking damages for the alleged unconstitutional taxing of plaintiff. This case is more akin to *Giulini;* therefore, YIP's action insofar as it seeks damages is ordered stayed pending the full determination by the city of the pending proceedings.

■■■ This Court also believes that abstention is called for in this case in order to give the city an opportunity to clarify some uncertain areas of local law which might obviate the need for reaching any constitutional questions. This doctrine of abstention has its roots in *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Under *Pullman,* "federal courts should normally defer to the state courts in cases where state law is (1) 'unclear' but (2) 'reasonably susceptible' of an interpretation that would make adjudication of plaintiff's federal constitutional claim unnecessary." *Bryant v. Commissioner of Social Services,* 530 F.Supp. 1175 (S.D.N.Y.1982). *See also Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); *Baggett v. Bullitt,* 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); *Harrison v. NAACP,* 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959).

There are areas of uncertainty in the city law. The summons issued in this case apparently was issued pursuant to New York City Charter, Chapter 21, § 533 a 5 and the Rules and Regulations of the Parks Department, Article IV, Section 17.[4] Section 533 a 5 provides, in relevant part, as follows:

> § 533. Powers and duties of the commissioner.... except as otherwise provided by laws the commissioner shall have the power and it shall be his duty:
> a. Parks.
>
> . . . . .
>
> 5. to authorize and regulate the use of ... all streets and avenues lying within any part, square or public place within a distance of three hundred fifty feet from the out boundaries thereof.

Section 17, enacted to carry out the authority and duties of the commissioner, provides as follows:

> No person in any park, or street adjacent to or abutting a park (including all public sidewalks of such abutting streets) shall sell, offer for sale, hire, lease or let anything whatsoever, corporeal or incorporeal, except under and within the terms of a permit.

It is unclear, however, whether those provisions are properly applicable to the activities of YIP. Section 533, as noted above, is expressly applicable "except as otherwise provided by law." Section B32–491.0 of the New York Administrative Code imposes a general requirement of prior licensing for vendors, similar to that found in Section 17, but exempts vendors of exclusively written matter. Section B32–491.0 provides, in relevant part, as follows:

> License required .... except that it shall be lawful for a general vendor who hawks, peddles, sells or offers to sell, at retail, only newspapers, periodicals, books, pamphlets on other similar written

---

4. This Court has had substantial difficulty discerning the ordinance pursuant to which defendant claims this summons was issued, and defendant's brief is not enlightening. Several of the summonses involved herein cite to sections of the Administrative Code; several others cite to Parks Department Regulations.

Since defendant has asserted that the summons was issued within the geographical jurisdiction of the ((Memorandum in Opposition, p. 1), this Court assumes defendant is relying primarily upon the Parks Department Regulations. As set out more fully below, the language of the ordinances is not particularly helpful.

matter, but no other items required to be licensed by any other provision of this code, to vend such without obtaining a license therefor.

Thus, § B32–491.0, if applicable, may exempt YIP's activities from the requirement of prior licensing.

Determining whether § B32–491.0 is applicable, however, is problematic. Although § B32–491.0 seems to provide a blanket exemption from prior licensing for vendors of exclusively written matter, § B32–510.1 enumerates the Administrative Code provisions that vendors who vend exclusively written matter are specifically exempt from. Section B32–510.1 may, therefore, provide limits to the exemption seemingly provided for by § B32–491.0. Section 17 of the Parks Regulations is not listed in § B32–510.1; therefore, the Administrative Code may not provide "otherwise" than § 533 and Rule 17.

Since § 17 is not part of the Administrative Code, the fact that it is not among the Administrative Code sections enumerated in § B32–510.1 does not preclude the applicability of the exemption provided in § B32–491.0 to YIP's conduct. Section B32–510.1 was added to the Administrative Code effective September 13, 1983, and the New York courts have not yet had the opportunity to fully delineate the interrelationships among the Parks Regulations (§ 533 and § 17) and the Administrative Code provisions (§§ B32–491.0 and B32–510.1). A New York determination prior to the enactment of § B32–510.1 did, indeed, effectively hold that provisions other than Parks Regulations were applicable to similar distribution of materials, and the distribution involved there was carried on within a park—Central Park—without a prior permit. *See City of New York v. Boyd,* No. 016–994–405, slip op. (Environmental Control Board September 18, 1981).

On the other hand, § B32–510.1 does provide

> that nothing herein shall be construed to deprive the commissioner of the department of parks and recreation of the authority to regulate the vending of written

matter in a manner consistent with the purpose of the parks and the declared legislative intent of this law.

The discussion above makes abundantly clear that predicting the city proceeding's interpretation of local law is fraught with pitfalls. Which ordinance(s) is (are) applicable is one question which should be resolved by the city proceeding. Still other questions should be determined by that proceeding. YIP is distributing these materials in return for contributions or donations. It remains to be determined whether this activity is within any of these vending ordinances. *Cf. NYPIRG,* 498 F.Supp. at 931 (enjoined application of hawking and peddling ordinance to activities that "while involving some monetary solicitations, are clearly focused on the dissemination and not the 'sale' of ideas"). Moreover, even if YIP is "selling" its materials, an exception to the licensing requirement may exist if the state feels these materials are protected by the First Amendment. *See, People v. Krebs,* 54 Misc.2d 578, 282 N.Y.S.2d 996 (Crim.Ct., N.Y.Cty.1967) (alleged violation of Administrative Code dismissed). Each of these questions is fairly susceptible of a determination by the administrative law judge which will eliminate or substantially modify the constitutional question herein. Thus, *Pullman* applies and this action should be stayed for that reason as well. *See, e.g., Harrison v. NAACP,* 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959) ("does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise").

In sum, this Court finds that because there is a pending city proceeding and because there is a need for clarification of uncertain issues of city law, the doctrines of equitable restraint and abstention apply to this case. Plaintiff's motion for a preliminary injunction is therefore DENIED. Plaintiff's action is DISMISSED insofar as it seeks injunctive and declaratory relief. The remainder of plaintiff's action, insofar as it seeks monetary damages, is STAYED

pending the determination of the city proceeding.

SO ORDERED.