# United States Court of Appeals
## For the First Circuit

No. 13-2384

AGUSTIN MONTAÑEZ-ALLMAN,

Plaintiff, Appellee,

MERCEDES PEGUERO-MORONTA; JEAN PIERRE PEGUERO-MORONTA; AGUSTIN
MONTAÑEZ-PEGUERO; JEAN PIERRE MONTAÑEZ-PEGUERO; NICOLE MARIE
MONTAÑEZ-PEGUERO,

Plaintiffs,

v.

ALEJANDRO GARCÍA-PADILLA; ELIZABETH LÓPEZ-CABRERA,

Defendants, Appellants,

MIGUEL A. PEREIRA-CASTILLO; BIENVENIDO RAMOS; CARLOS RIVAS-
QUIÑONES; MANUEL RIVERA-GARCIA; SENATE OF THE COMMONWEALTH OF
PUERTO RICO; INGRID VILA-BIAGGI; EDUARDO BHATIA-GAUTIER; JORGE
IRIZARRY-VIZCARRONDO; HÉCTOR LÓPEZ; ROSSANA LOPEZ-LEÓN,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Margarita L. Mercado-Echegaray, Solicitor General, Puerto Rico
Department of Justice, for appellants.
Fredeswin Pérez-Caballero, with whom Pérez-Caballero Law

<u>Office</u> was on brief, for appellee.

---

April 1, 2015

---

**LYNCH, Chief Judge**. When the government of Puerto Rico changed hands following the November 2012 General Elections, the legislature enacted Law 75-2013 ("Law 75") which repealed Reorganization Plan No. 1-2011 ("2011 Reorganization Plan") and in doing so purportedly "abolished" four positions that the 2011 Reorganization Plan had created. At the same time, the legislature also enacted several other laws creating "new" positions with substantially similar duties and removal limitations. When Governor García-Padilla filled the "new" positions, several of the now-displaced former officials brought suit in federal court. See, e.g., Díaz-Carrasquillo v. García-Padilla, No. 3:13-cv-01646 (D.P.R. filed Aug. 27, 2013).

This is an interlocutory appeal from one of those suits, that of former Veteran's Ombudsman Agustin Montañez-Allman. Montañez-Allman brought federal 42 U.S.C. § 1983 claims under the First, Fifth, and Fourteenth Amendments, as well as Commonwealth law claims for fault or negligence under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. This interlocutory appeal concerns a preliminary injunction, granted on due process grounds, that, inter alia, reinstated Montañez-Allman and vacated the political appointment of his replacement.

When this rather extraordinary relief issued, the Puerto Rico Supreme Court had not yet issued its opinion in the nearly identical case of Díaz-Carrasquillo v. García-Padilla. That

-2-

opinion, issued on June 19, 2014, confirmed the availability of relief in Commonwealth court. <u>Díaz-Carrasquillo</u> v. <u>García-Padilla</u>, 2014 TSPR 75, 2014 WL 3013335, at *14-16 (P.R. 2014), <u>petition for cert. filed</u>, 83 U.S.L.W. ---- (U.S. Mar. 3, 2015) (No. 14-1062) (certified translation provided by the parties). This, then, raises the question of whether Montañez-Allman remains entitled to federal injunctive relief for his due process claim. <u>Cf.</u> <u>Acevedo-Feliciano</u> v. <u>Ruiz-Hernández</u>, 447 F.3d 115, 124 (1st Cir. 2006). In light of the extraordinariness of the relief sought, the immense importance of this case to the Commonwealth's own constitutional balance of powers, and the relief now available under the Puerto Rico Supreme Court's decision in <u>Díaz-Carrasquillo</u>, which both parties agree is adequate, we <u>remand</u> with instructions to vacate the preliminary injunction within thirty days of the date of this opinion, and for further proceedings consistent with this opinion.

## I.

We provide only a limited summary of the facts as necessary to resolve the appeal. A more detailed description may be found in the district court's opinion. <u>See</u> <u>Allman</u> v. <u>Padilla</u>, 979 F. Supp. 2d 205, 209-12 (D.P.R. 2013).

In June 2011, then-Governor Luis Fortuño appointed Montañez-Allman to a ten-year term as Acting Veteran's Ombudsman

pursuant to the 2011 Reorganization Plan.[1]  As relevant here, the 2011 Reorganization Plan established the ten-year fixed term, and placed limitations on the governor's removal power.  Those limitations included a requirement of advance notice and the right to a hearing, and only permitted removal for total disability, gross negligence, or reprehensible conduct.

Following the November 2012 General Elections, the administration changed, and García-Padilla became governor.  Soon thereafter, in July 2013, the legislature enacted Law 75, which repealed the 2011 Reorganization Plan and purported to abolish the positions that the plan had created, including Montañez-Allman's position of Veteran's Ombudsman.  At the same time, the legislature also enacted Laws 76, 77, 78, and 79, creating nearly identical positions as those purportedly destroyed.  One of those, Law 79, established the position of "Veteran's Advocate."  The "new" position of Veteran's Advocate had similar responsibilities and privileges, and a similar term, as the purportedly abolished Veteran's Ombudsman.

In August 2013, Montañez-Allman was notified that the Office of Veteran's Ombudsman had "ceased to exist" under Law 75, and that Governor García-Padilla had appointed someone else, Elizabeth López-Cabrera, to the "new" post of Veteran's Advocate

---

[1]  Montañez-Allman had also served as Veteran's Ombudsman under the previous law, Law 57-1987, which had been repealed by the 2011 Reorganization Plan.

under Law 79.  He was informed he needed to turn over his files, equipment, and other agency resources to López-Cabrera as part of the transition.

In September 2013, Montañez-Allman[2] filed this federal suit against Governor García-Padilla, López-Cabrera, and various other officials who are members of the Popular Democratic Party. He brought claims under § 1983 for violations of the First, Fifth, and Fourteenth Amendments, and under Commonwealth law for fault or negligence.  He seeks declaratory and injunctive relief, as well as damages, on the basis of these claims.  He also sought a temporary restraining order and preliminary injunction.

On October 18, 2013, the district court granted Montañez-Allman's request for a preliminary injunction on the basis of his due process claim, but denied his request for an injunction on First Amendment grounds.  The injunction (1) vacated the appointment of López-Cabrera as Acting Veteran's Advocate; (2) ordered that Montañez-Allman be reinstated; and (3) enjoined Montañez-Allman's removal without due process of law.  García-Padilla and López-Cabrera filed this interlocutory appeal on October 21, 2013.

---

[2] Members of Montañez-Allman's family also joined as plaintiffs for purposes of the claims under Commonwealth law.

When the district court issued its preliminary injunction, the Supreme Court of Puerto Rico had not yet responded to the questions certified in the nearly identical case of Díaz-Carrasquillo v. García-Padilla concerning the existence of a property right under Commonwealth law. The Supreme Court of Puerto Rico has since ruled, see Díaz-Carrasquillo, 2014 WL 3013335, at *14-16, holding, inter alia, that Montañez-Allman now has at least an equivalent remedy available in state court, and so he will not suffer irreparable injury if denied federal equitable relief,[3] see El Dia, Inc. v. Hernandez-Colon, 963 F.2d 488, 496-98 (1st Cir. 1992). The parties at oral argument agreed that the state remedy would indeed be adequate. We now face the question of whether the rather extraordinary federal injunctive relief reinstating a high-level Commonwealth political appointment and removing the now-reinstated appointee's replacement remains appropriate. Cf. id.

We have previously held that, in determining entitlement to federal relief for due process violations, a relevant consideration is the adequacy of "existing state remedies."[4] See

---

[3] We need not address whether this opinion of the Puerto Rico Supreme Court is binding or merely advisory, because, in either case, it provides persuasive authority of how the Puerto Rico Supreme Court would likely decide the issue. Cf. United States v. Lewko, 269 F.3d 64, 66 (1st Cir. 2001); Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1151 (1st Cir. 1996).

[4] A similar principle underlies the Parratt-Hudson doctrine: "'where an injury has been caused not by a state law, policy, or

<u>Acevedo-Feliciano</u>, 447 F.3d at 124; <u>Bane</u> v. <u>Registry of Motor Vehicles</u>, 72 F.3d 121 (1st Cir. 1995) (per curiam) (unpublished disposition); <u>Rumford Pharmacy, Inc.</u> v. <u>City of E. Providence</u>, 970 F.2d 996, 999-1000 & n.6 (1st Cir. 1992) (affirming dismissal of procedural due process claim for failure to allege inadequacy of state remedies and noting availability of adequate relief under state-law claims); <u>cf.</u> <u>S. Commons Condo. Ass'n</u> v. <u>Charlie Arment Trucking, Inc.</u>, 775 F.3d 82, 85-86 (1st Cir. 2014) (recognizing that, "in some circumstances," an "after-the-fact remedy" under state law may be adequate). This is particularly true "[i]n shaping equitable remedies, [where] comity concerns can loom large." <u>Rosario-Torres</u> v. <u>Hernandez-Colon</u>, 889 F.2d 314, 323 (1st Cir. 1989) (en banc); <u>see also</u> <u>R.R. Comm'n of Tex.</u> v. <u>Pullman Co.</u>, 312 U.S. 496, 500-01 (1941) (holding that federal courts administering equitable remedies must "exercis[e] a wise discretion" to "avoid[] . . . needless friction with state policies" (internal quotation marks omitted)). "Simply because an

---

procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for [federal court] intervention under § 1983,' in a suit alleging only a procedural due process claim." <u>San Gerónimo Caribe Project, Inc.</u> v. <u>Acevedo-Vilá</u>, 687 F.3d 465, 480-81 (1st Cir. 2012) (en banc) (alteration in original) (quoting <u>Albright</u> v. <u>Oliver</u>, 510 U.S. 266, 285 (1994) (plurality) (Kennedy, J., concurring in the judgment)). "This 'commonsense teaching' is designed to 'respect[] the delicate balance between state and federal courts . . . .'" <u>Id.</u> at 481 (first alteration in original) (quoting <u>Albright</u>, 510 U.S. at 284 (Kennedy, J., concurring in the judgment)).

equitable remedy may be available does not necessarily mean that it must automatically issue." El Dia, 963 F.2d at 497.

Federal courts, as Justice Holmes once emphasized, are to "strictly observe[]" the "important rule" "that no injunction ought to issue against officers of a State . . . unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury." Mass. State Grange v. Benton, 272 U.S. 525, 527-29 (1926). In light of the relief now available in Puerto Rico courts under Díaz-Carrasquillo and the importance of this case to the Commonwealth's own constitutional balance of powers, this "important rule" is applicable here. Under the altered and unusual circumstances of this case, the maintenance of continuing federal equitable relief is no longer appropriate. Cf. Direct Mktg. Ass'n v. Brohl, 135 S. Ct. 1124, 1133-34 (2015) (noting that, under the comity doctrine, "federal courts refrain from 'interfer[ing] . . . with the fiscal operations of the state governments . . . in all cases where the Federal rights of the persons could otherwise be preserved unimpaired'" (alterations in original) (quoting Levin v. Commerce Energy, Inc., 560 U.S. 413, 422 (2010))).

Accordingly, we remand to the district court with instructions to vacate the preliminary injunction within thirty days of the date of this opinion (to provide time to file suit in Commonwealth court), to dismiss without prejudice Montañez-Allman's due process claim, to resolve Montañez-Allman's First Amendment

claim, and, if dismissed, to decline pendent jurisdiction over the remaining Commonwealth claims. Cf. Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015) (ordering remand to state court of state law claims implicating state constitutional issues following dismissal of federal claims); Díaz-Carrasquillo v. García-Padilla, No. 3:13-cv-01646 (D.P.R. Dec. 15, 2014) (opinion and order) (providing plaintiff time to file suit in Commonwealth court before dismissal of federal case without prejudice because decision by Puerto Rico Supreme Court rendered federal case unnecessary, citing comity concerns).

So ordered. No costs are awarded.