# United States Court of Appeals

## For the First Circuit

No. 14-1297

HONORABLE BASILIO TORRES-RIVERA,
President of the Puerto Rico Industrial Commission,

Plaintiff, Appellee,

v.

ALEJANDRO GARCÍA-PADILLA, individually and as Governor of
Puerto Rico; GRACE SYLVETTE LOZADA-CRESPO, individually and as
Designated President of the Puerto Rico Industrial Commission,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco  A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Margarita L. Mercado-Echegaray, Solicitor General, Puerto Rico
Department of Justice, with whom Susana I. Peñagarícano-Brown,
Assistant Solicitor General, Puerto Rico Department of Justice, was
on brief, for appellants.
Fredeswin Pérez-Caballero, with whom Pérez-Caballero Law
Office was on brief, for appellee.

April 6, 2015

**LYNCH, <u>Chief Judge</u>**.  The government of Puerto Rico changed hands as a result of the November 2012 General Elections, and quickly passed laws to "reorganize" different agencies.  Many of the officials displaced as a result brought suit, claiming political discrimination and due process violations.  <u>See</u> <u>Torres-Rivera</u> v. <u>Garcia-Padilla</u>, No. 14-1040, 2014 WL 357172, at *1 n.2 (D.P.R. Jan. 31, 2014) (listing cases).

This is an interlocutory appeal from one of those cases.  It concerns the change effected by Law 180-2013, which explicitly made the position of the Chair of the Puerto Rico Industrial Commission ("PRIC") freely removable, and Governor Alejandro García-Padilla's subsequent decision to remove the then-Chair, Basilio Torres-Rivera, and to appoint a replacement.  Torres-Rivera responded almost immediately by bringing suit against García-Padilla and the new PRIC Chair, Grace Sylvette Lozada-Crespo, alleging violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments, as well as violations of Puerto Rico constitutional and statutory law.  The district court granted a preliminary injunction based on Torres-Rivera's due process claim that, <u>inter alia</u>, vacated the appointment of his replacement, Lozada-Crespo, and reinstated Torres-Rivera.

Federal injunctive relief concerning the selection of high-level political appointments in Commonwealth government is as extraordinary as it is rare.  Since the district court issued its

preliminary injunction, the Supreme Court of Puerto Rico has made clear the importance of these cases to the Commonwealth's own constitutional balance of powers, see Díaz-Carrasquillo v. García-Padilla, 2014 TSPR 75, 2014 WL 3013335 (P.R. 2014) (certified translation provided by the parties), and the parties agree that the relief available under Commonwealth law is adequate here. Accordingly, we again face the question of whether Torres-Rivera remains entitled to federal injunctive relief for his due process claim given the conceded adequacy of Commonwealth remedies. Cf. Montañez-Allman v. García-Padilla, No. 13-2384 (1st Cir. Apr. 1, 2015); Acevedo-Feliciano v. Ruiz-Hernández, 447 F.3d 115, 124 (1st Cir. 2006). In light of the extraordinariness of the relief sought, the immense importance of this case to the Commonwealth's own constitutional balance of powers, and Torres-Rivera's failure to allege that Commonwealth procedure is inadequate, we remand with instructions to vacate the preliminary injunction within thirty days of the date of this opinion, and for further proceedings consistent with this opinion.

I.

We summarize only the facts necessary to resolve the appeal.

Established in 1935, the PRIC is the Puerto Rico agency charged with reviewing decisions made by the Administrator of the State Insurance Fund on claims for workers' compensation. The

governor appoints the Commissioners of the PRIC with the advice and consent of the Senate of Puerto Rico. The governor also appoints the Chair, with the advice and consent of the Senate, who "serve[s] simultaneously as a Commissioner and the Administrative Head of [the] Agency." P.R. Laws Ann. tit. 11, § 8 (2010).

In May 2012, then-Governor Luis Fortuño appointed Torres-Rivera as Commissioner and Chair of the PRIC, and the Puerto Rico Senate confirmed his appointment a month later.[1] At the time of his appointment, the term of office was six years, pursuant to Law 45 of 1935, as amended through Law 141-2009.[2] The parties dispute

---

[1] We follow the district court in using the term "Chair" instead of "President" to be "consistent with the English translation of the Puerto Rico law." Torres-Rivera, 2014 WL 357172, at *1 n.1.

[2] Law 45, as amended and in effect in 2012, reads in relevant part:

> A Commission is hereby created, to be denominated as the 'Puerto Rico Industrial Commission,' constituted by five (5) Commissioners appointed by the Governor with the advice and consent of the Senate of Puerto Rico, who shall be attorneys-at-law duly admitted to the bar in Puerto Rico. The Governor, with the advice and consent of the Senate, shall designate the Chair, who shall serve simultaneously as a Commissioner and the Administrative Head of this Agency, who shall set forth and administer the public policy with discharge rulemaking authority or to delegate such authority. In order to carry out this task, he/she shall preside and direct the functions of the Commissioner panel, whose appointments shall have an effective term of six (6) years.
> Commissioners shall remain in office until their successors are legally designated and take office.

P.R. Laws Ann. tit. 11, § 8 (2010).

-4-

whether this six-year term attached to a joint position of Chair-and-Commissioner, jointly to both positions, or only to the position of Commissioner.

When García-Padilla became Governor following the November 2012 General Elections, a series of laws were enacted "to usher the Governor's political supporters into office." Torres-Rivera, 2014 WL 357172, at *1. One of these, Law 180-2013, made the PRIC Chair a freely removable position, arguably eliminating the six-year term that the position may have had. By letter dated January 11, 2014, García-Padilla notified Torres-Rivera of this change. García-Padilla's letter also informed Torres-Rivera that he could continue on as Commissioner, but that a new Chair had been appointed. Less than a week later, Torres-Rivera filed suit in federal district court against García-Padilla and the new Chair, Lozada-Crespo, seeking declaratory and injunctive relief as well as damages under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-02, the Puerto Rico constitution, and Commonwealth law.

The district court found that Torres-Rivera was likely to succeed on his due process claim, reasoning that he had been deprived of his property interest in continuing as PRIC Chair for the six-year term to which he had been appointed. The district court issued a preliminary injunction on this basis that: (1) vacated Lozada-Crespo's appointment as Chair and Commissioner; (2) ordered that Torres-Rivera be "maintain[ed]" as Chair and

Commissioner; and (3) enjoined Torres-Rivera's removal from his position as Chair and Commissioner without due process. This appeal followed.

II.

The parties vigorously dispute several points of Commonwealth law that they argue are relevant to the question of whether Torres-Rivera had a property interest in the position of Chair, and, if so, whether that interest survived Law 180.[3] They also dispute both the applicability and the authority of the Puerto Rico Supreme Court's decision in the related case of Díaz-Carrasquillo v. García-Padilla, 2014 TSPR 75, 2014 WL 3013335 (P.R. 2014).

We need not and will not adjudicate these disputes. Reinstatement is an equitable remedy, and, even if available, is not inevitable. Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 321 (1st Cir. 1989) (en banc) (noting that reinstatement must be "tailor[ed] . . . on a case by case basis"). The parties agreed at oral argument that the relief available in Commonwealth court is adequate, and so we must consider whether the rather extraordinary

---

[3] In particular, they disagree as to whether the position of Chair is a separate position from that of Commissioner, which they argue is relevant to whether the six-year term attached to one or both, or could have been abolished as to one but not the other. They also disagree as to whether the nature of the PRIC Chair is quasi-judicial or purely executive, again relevant to the validity of any term and removal limitations that could create a property interest.

-6-

federal injunctive relief reinstating a Commonwealth political appointment and removing the now-reinstated appointee's replacement remains appropriate.  See Montañez-Allman, No. 13-2384; cf. El Dia, Inc. v. Hernandez-Colon, 963 F.2d 488, 496-98 (1st Cir. 1992) ("[E]quitable remedies should be granted only as a matter of judicial discretion . . . ." (citation and internal quotation marks omitted)).

When we last resolved this issue in Montañez-Allman, we observed that "in determining entitlement to federal relief for due process violations, a relevant consideration is the adequacy of 'existing state remedies.'"  Montañez-Allman, No. 13-2384 (quoting Acevedo-Feliciano, 447 F.3d at 124).  We explained that this is particularly true where, as here, the relief sought implicates comity concerns, but is not "necessary to prevent great and irreparable injury."  Id. (quoting Mass. State Grange v. Benton, 272 U.S. 525, 527-29 (1926) (Holmes, J.)) (internal quotation marks omitted); see also Rosario-Torres, 889 F.2d at 323 (urging caution "[i]n shaping equitable remedies, [where] comity concerns can loom large"); cf. R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 500-01 (1941) (holding that federal courts must "exercis[e] a wise discretion" in administering equitable relief to "avoid[] . . . needless friction with state policies" (citations and internal quotation marks omitted)).  Relying on such comity considerations and the discretion inherent in equitable relief, we found that

-7-

federal equitable relief was no longer appropriate given the importance of the case to the Commonwealth's constitutional balance of powers and the adequacy of relief that had become available under the Puerto Rico Supreme Court's decision in Díaz-Carrasquillo. See Montañez-Allman, No. 13-2384 (finding "applicable" Justice Holmes's "'important rule'" that injunctive relief "'ought [not] issue against officers of a State . . . unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury'" (alteration in original) (quoting Mass. State Grange, 272 U.S. at 527-29)).

The parties believe that this presents a different case from both Montañez-Allman and Díaz-Carrasquillo. Superficially, they are correct: Montañez-Allman and Díaz-Carrasquillo present "abolishment" cases, concerning limits on the legislature's ability to effect a removal by "destroying" an executive office only to re-establish it under a new name, and the survival of a property interest in the "destroyed" office as a property interest in the "new" office. By contrast, this case, Torres-Rivera, appears to present a "removal" case, concerning limits on the legislature's ability to destroy a property interest in an office (assuming there was such an interest) by lifting whatever removal limitations created the property interest in the first place. Cf. Santana v. Gobernadora, 165 P.R. Dec. 28, 2005 WL 1489094 (P.R. 2005) (certified translation provided by the parties) (stating the

-8-

principle that where there is no mandatory time period, there is no proprietary interest).[4]

But despite these superficial differences, these cases are similar in one significant respect: they implicate questions concerning the limitations on the Legislative Assembly's "power to create, consolidate or reorganize executive departments" that are important to Puerto Rico's own constitutional balance of powers. P.R. Const. art. III, § 16. That is, these cases ask the federal courts to referee a political dispute about Puerto Rico's constitutional limitations on structural changes to high-level political appointments. This we will not and need not do. Cf. El Dia, 963 F.2d at 497 ("Simply because an equitable remedy may be available does not necessarily mean that it must automatically issue.").

Comity concerns are particularly compelling on the facts of this case. Because the very existence of continuing property interests in these high-level political appointments implicates

---

[4] It must be emphasized that, to the extent that legislative actions succeed in destroying property interests, there can be no federal due process claim. It is well settled that "no due process violation occurs when 'the legislature which creates a statutory entitlement (or other property interest) . . . alter[s] or terminat[es] the entitlement by subsequent legislative enactment.'" Correa-Ruiz v. Fortuño, 573 F.3d 1, 14 (1st Cir. 2009) (alteration in original) (quoting Gattis v. Gravett, 806 F.2d 778, 780 (8th Cir. 1986)); see also id. at 14-15 (collecting cases). That aspect of our decision in Díaz-Carrasquillo v. García-Padilla, 750 F.3d 7, 11 (1st Cir. 2014), remains good law. Stronger procedural protections may be required by the Commonwealth than under federal law, but that issue is not before us.

these difficult Commonwealth constitutional questions, the authority to remove these officials -- and so the necessity of pre-deprivation procedures -- may be obscure prior to litigation. Cf. S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 85-86 (1st Cir. 2014) (recognizing that, "in some circumstances," an "after-the-fact remedy" under state law may be adequate). Where, as here, the parties not only fail to allege that Commonwealth law provides inadequate post-deprivation relief, but agree that Commonwealth remedies would be adequate, comity requires that we decline to interfere on procedural due process grounds. See Montañez-Allman, No. 13-2384; Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 999-1000 & n.6 (1st Cir. 1992); cf. San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465, 480-81 (1st Cir. 2012) (en banc).

Accordingly, we remand to the district court with instructions to vacate the preliminary injunction within thirty days of the date of this opinion (to provide time to file suit in Commonwealth court), to dismiss without prejudice Torres-Rivera's due process claim, to resolve Torres-Rivera's First Amendment claim, and, if dismissed, to decline pendent jurisdiction over the remaining Commonwealth claims. Cf. Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015) (discussing standards for exercise of supplemental jurisdiction).

So ordered. No costs are awarded.